THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JERRY THOMPSON, Defendant-Appellant.

Third District   No. 3—86—0395

Opinion filed August 6, 1987.

G. Trent Marquis, of Klockau, McCarthy, Ellison & Marquis, P.C., of Rock Island, for appellant.

David Zwicker, State's Attorney, of Aledo (Edward P. Morrissey, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Jerry Thompson, was charged by information with the offense of armed violence. (Ill. Rev. Stat. 1985, ch. 38, par. 33A—1(a).) The defendant entered an open plea of guilty but mentally ill. The trial court conditionally accepted the plea pending the outcome of

a future hearing on defendant's mental status at the time the crime was committed. After a hearing was held, the defendant was found guilty but mentally ill and was sentenced to a term of 20 years. On March 9, 1985, the defendant filed a petition for relief under the Illinois Post-Conviction Act. (Ill. Rev. Stat. 1985, ch. 38, par.122.) The defendant appeals the trial court's denial of his petition for post-conviction relief.

Defendant was arrested on March 2, 1982, for raping a woman at gunpoint. On March 11, 1982, on the motion of defendant's attorney, the trial court ordered that the defendant be examined to determine his fitness for trial. The defendant was examined by Dr. Thomas Tourlentes, executive director of the Comprehensive Community Mental Health Center of Rock Island and Mercer Counties.

On March 17, 1982, the State's Attorney and defense counsel stipulated to the written report of Dr. Tourlentes that the defendant was not fit to stand trial. The trial court then entered an order finding the defendant unfit to stand trial and ordering him transferred to the Department of Mental Health for a determination of whether there was a substantial probability that the defendant, if provided with a course of treatment, would attain fitness within one year. The court ordered the Department, pursuant to sections 104—16 and 104—17 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, pars. 104—16, 104—17), to report to the court within 30 days its opinion as to the probability of the defendant's attaining fitness within one year.

On August 30, 1982, a restoration hearing was held to determine whether the defendant was fit to stand trial. The State's Attorney and defense counsel stipulated to the reports of a psychiatrist and the superintendent of the Chester Mental Health Center, who found that the defendant was fit to stand trial. Defense counsel stated to the court that he had spoken with the defendant and that it was his opinion that the defendant did understand the charge against him. The court accepted the stipulations of the parties and, based on such stipulations and the medical reports of the doctors, found that the defendant was fit to stand trial.

On December 15, 1982, the defendant entered a plea of guilty but mentally ill to the charge of armed violence. The trial court made a conditional acceptance of the plea pending the outcome of another hearing to determine the defendant's mental status at the time of the offense. The hearing was held on February 4, 1983, and the trial judge found the defendant guilty but mentally ill at the time of the commission of the offense.

On appeal, defendant contends that the trial court's denial of his

petition for post-conviction relief was against the manifest weight of the evidence because: (1) the August 30, 1982, fitness hearing and stipulations offered at the hearing were constitutionally insufficient to establish defendant's fitness to stand trial or to plead; (2) his plea was entered and accepted in violation of his due process rights; and (3) the defendant was denied effective assistance of counsel because of a number of alleged errors by his appointed attorney.

■ Defendant first argues that he was denied due process of law because the stipulations as to his fitness at the August 30, 1982, hearing did not meet the minimum standards necessary for due process as discussed in *People v. Lewis* (1984), 103 Ill. 2d 111, 468 N.E.2d 1222. In each of the two cases consolidated in *Lewis*, the defendant was originally found not fit to stand trial. In subsequent proceedings, the defendants were found fit to stand trial solely on the stipulation of the State's Attorney and defense counsel. The parties stipulated that if called as witnesses, two psychiatrists would testify that in their opinion the defendants were now fit to stand trial. The trial courts accepted the stipulations and found the defendants fit to stand trial.

In reversing the trial court judgments, the appellate court relied primarily on *People v. Greene* (1981), 102 Ill. App. 3d 639, 430 N.E.2d 219, finding that there was no showing in the records that the circuit court exercised discretion in finding that the defendants were restored to fitness. In *Greene*, at a restoration hearing to determine if the defendant was fit, the State and defense counsel stipulated to the findings of two psychiatrists who had examined the defendant and concluded in two written reports that he was fit for trial. The following conversation took place at the restoration hearing in *Greene*:

" 'MR. ROBBINS [prosecutor]: Your Honor, on behalf of the people of the State of Illinois, we would be willing to stipulate to the findings of the two psychiatrists as contained in the reports and to stipulate to the fact that the defendant is fit for trial.

MR. LANGE [defense counsel]: Will you also stipulate to the qualifications of Dr. McCabe?

MR. ROBBINS: Yes. We will stipulate that they are duly certified and qualified psychiatrists and that they have examined the defendant and we would stipulate to their finding that the defendant is fit to stand trial.

MR. LANGE: We will stipulate to same matter, your Honor.

THE COURT: Very well, fine. Where do we go from here, gentlemen?' " (102 Ill. App. 3d 639, 641, 430 N.E.2d 219, 220-21.)

The court then entered a minute order which read, "Stipulated testimony heard. Order of Court. Finding defendant fit to stand trial. Judgement is entered on finding." 102 Ill. App. 3d 639, 641, 430 N.E.2d 219, 220-21.

In reversing the trial court, the *Greene* court stated that a judicial determination of fitness cannot be based upon the stipulation to psychiatric conclusions and found that there was "no affirmative showing in the record below that the trial court exercised discretion in finding Greene fit to stand trial, there was in effect no fitness hearing at all." 102 Ill. App. 3d 639, 643, 430 N.E.2d 219, 222.

In reversing the appellate court in *Lewis*, the supreme court distinguished the stipulations in *Greene* from those at issue in that case. The supreme court held:

> "In *Greene* defense counsel stipulated to the 'findings of two psychiatrists as contained in reports and *** to the fact that the defendant is fit for trial.' (102 Ill. App. 3d 639, 641, [58 Ill. Dec. 277, 430 N.E.2d 219.]) Here, however, it was stipulated that, if called to testify, qualified psychiatrists who had examined defendants would testify that in their opinions the defendant was mentally fit to stand trial.
>
> The stipulations were not to the fact of fitness, but to the opinion testimony which would have been given by the psychiatrists. Upon considering these stipulations and personally observing defendants, the circuit court could find defendants fit, seek more information, or find the evidence insufficient to support a finding of restoration to fitness. The circuit court recognized that, as stated in *People v. Bilyew* (1978), 73 Ill. 2d 294, 302, [22 Ill. Dec. 736, 383 N.E.2d 212,] '[t]he ultimate issue was for the trial court, not the experts, to decide.' " *(People v. Lewis* (1984), 103 Ill. 2d 111, 116, 468 N.E.2d 1222, 1225.)

Thus, the distinguishing factor in these cases is whether the parties recite a detailed stipulation as to what the testimony of the psychiatrist or psychologist would be rather than just stipulations to the conclusions of the psychiatrist. In addition, the trial court must exercise its discretion and make an independent decision as to a defendant's fitness, rather than simply accepting a stipulation as to a doctor's conclusion that a defendant is fit for trial. *People v. Green* (1981), 102 Ill. App. 3d 639, 430 N.E.2d 219.

At the restoration hearing in the case at bar, the following colloquy took place:

> "THE COURT: You may proceed.
>
> MR. ZWICKER [prosecutor]: Thank you, Your Honor. This

is a hearing on—under 104-20 of the Criminal Code, and it is my understanding that Defense Counsel is stipulating that the Defendant is fit to stand trial or to plead, and we are both requesting that the matter be placed on the jury trial list. And there should be a report in the Court file from the Chester Mental Health Center. One is a short letter written by the superintendent of that center in which he states that in—their opinion, the Defendant had been restored to fitness and is able to understand the nature of the charge against him and to cooperate in his defense. That's Terry Brelje.

And there are—Accompanying that is a report by a medical doctor, a psychiatrist. His name is Jabier, middle initial A., Pichardo. The last sentence next to the last sentence indicates that: 'Mr. Thompson is competent to stand trial at this time.'

THE COURT: Very well. Mr. Bredberg?

MR. BREDBERG [defense counsel]: Mr. Thompson was sent to Chester Mental Health Center approximately 5 months ago. At that time, he was not capable of either understanding the charges against him nor cooperating with me.

I talked to Mr. Thompson since he has returned, and I would state to the Court that I feel Mr. Thompson does understand the nature of the charge against him at this time, and he is able to cooperate with me in his defense at this time.

And I would stipulate that Dr. Pichardo's report is accurate, and I feel Mr. Thompson can now proceed with this matter.

THE COURT: All right. Then based upon the stipulation of the parties, and based upon the report from the medical doctor regarding the Defendant's present condition, I find that the Defendant is now fit to stand trial."

We find the stipulations in the case at bar to be very similar to those made in *Greene*. Here, the parties simply stipulated to the findings of the two doctors contained in the reports and to their conclusion that the defendant was fit to stand trial. Unlike the situation in *Lewis*, the parties here did not stipulate that, if called to testify, qualified psychiatrists or psychologists who had examined the defendant would testify that in their opinion the defendant was fit to stand trial. Instead, the parties stipulated to, and the judge accepted, the conclusion that the defendant was fit to stand trial. The distinction is a fine one, we agree, but it is one drawn by our Illinois Supreme Court in *Lewis*.

In addition, it is clear from the record that the trial court did not exercise its discretion at the restoration hearing. The trial court's de-

cision was based solely on the stipulations of the parties. It does not appear from the record that the trial court even reviewed the reports that the parties were stipulating to. Although not dispositive, the trial court did not question the defendant, who was present at the fitness hearing, about his opinion as to his fitness to stand trial. The trial judge also failed to question the attorneys regarding the reports that they were stipulating to. The court should not be passive, but active in making the assessment as to fitness which the law requires.

■ A prior adjudication of unfitness raises the presumption that a defendant remains unfit and the presumption continues until there has been a valid hearing finding him fit. (*People v. Williams* (1980), 92 Ill. App. 3d 608, 612, 415 N.E.2d 1192.) This presumption continues until there has been a valid subsequent hearing adjudicating him fit. (*People v. Johnson* (1973), 15 Ill. App. 3d 680, 685, 687, 304 N.E.2d 688.) Given this presumption of unfitness, a finding of fitness may not be based on a stipulation to psychiatric conclusions. (*People v. Greene* (1981), 102 Ill. App. 3d 639, 643, 430 N.E.2d 219.) To the extent that our opinion in *People v. Gore* (1983), 116 Ill. App. 3d 780, 452 N.E.2d 583, is in conflict with our holding, we decline to follow such earlier opinion.

■ We find that the fitness hearing failed to meet the minimal due process standards necessary to find the defendant fit to stand trial. We hold, therefore, that the trial court's finding at the post-conviction hearing that the defendant was properly restored to fitness is against the manifest weight of the evidence. Due to our disposition of this issue, we need not reach the other issues raised by the defendant.

For the foregoing reasons, the judgment of the circuit court of Mercer County is reversed, and the cause is remanded for a restoration hearing consistent with this opinion and such other proceedings as may be appropriate.

Reversed and remanded.

SCOTT and STOUDER, JJ., concur.