# Illinois Official Reports

## Appellate Court

---

### *People v. Cook*, 2014 IL App (2d) 130545

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICK COOK, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-0545 |
| Filed | December 23, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the trial court found defendant fit to stand trial based on its acceptance of a report of an evaluation that resulted in a stipulation that defendant was fit, but there was no showing that the trial court exercised its discretion by reviewing the report, stating any details as to the basis for the finding or questioning defendant or counsel about defendant's fitness, the finding of fitness was vacated and the cause was remanded for a retrospective determination of defendant's fitness, and if defendant is found fit, his guilty plea to predatory criminal sexual assault of a child and sentence to 10 years' incarceration will stand, but if he is not found fit, the trial court's judgment will be vacated and defendant will be allowed to plead anew. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 10-CF-1212; the Hon. Susan Clancy Boles, Judge, presiding. |
| Judgment | Order vacated; cause remanded. |

Counsel on
Appeal

Michael J. Pelletier, Thomas A. Lilien, and Fletcher P. Hamill, all of State Appellate Defender's Office, of Elgin, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Scott Jacobson, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Hutchinson concurred in the judgment and opinion.

## OPINION

¶ 1     Defendant, Patrick Cook, appeals his conviction of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2010)). He contends that the trial court failed to hold a proper fitness hearing when it accepted the parties' stipulation that he was fit to stand trial. We determine that defendant's due process rights were violated when the trial court failed to make a record showing that it exercised its discretion in finding defendant fit. Accordingly, we vacate and remand.

¶ 2                              I. BACKGROUND

¶ 3     Defendant was charged on May 13, 2010. In August 2010, defendant's counsel informed the court that defendant took special education classes when he was in school and that, after graduating, he received assistance from a program for adults with developmental disabilities. His maturity level had been assessed as that of a six- or seven-year-old. The trial court found a *bona fide* doubt as to defendant's fitness to stand trial and ordered a fitness evaluation.

¶ 4     Dr. Timothy Brown completed the evaluation on September 22, 2010, and the evaluation was filed on October 29, 2010. Brown reported that defendant's IQ was previously reported to be in the bottom percentile of adults. Previous evaluators also determined that he suffered from a major depressive disorder. Brown agreed with those determinations. Previous evaluators found that defendant was a poor historian and was not able to manage his own affairs. Brown found, however, that defendant was lucid and responsive. Defendant described the courtroom to Brown as a " 'big room with two double doors that you walk in.' " He said that people " 'have court cases [and] go to court for different reasons, they put people behind bars.' " He described the judge as a person who "made 'rulings on severe cases.' " Brown said that defendant was initially equivocal about the role of the State's Attorney but was able to give an accurate description after Brown explained it to him. Brown opined that defendant was fit to stand trial, finding that defendant appreciated the nature and purpose of the proceedings and had the capacity to assist his counsel in preparing a defense.

- 2 -

¶ 5    Defendant's fitness was not addressed in court until over a year later, on December 2, 2011.[1] By that date, a different judge had been assigned to the case. The parties informed the court that they had a stipulation. The State told the court that "the parties are stipulating to Dr. Brown's findings in his report from September 22nd of 2010, submit a copy of that report to your Honor, along with a proposed order." Defense counsel stated his agreement with the stipulation, and there was no further discussion of the matter.

¶ 6    The parties submitted a written stipulation, which listed Brown's qualifications and stated: "If called as a witness in a hearing pursuant to 725 ILCS 5/104-11, Dr. Timothy Brown would testify consistently with his reports dated September 22, 2010, finding the defendant fit to stand trial." Also on December 2, 2011, the court signed the order, which stated that the court found defendant fit to stand trial, "[b]ased on the opinions to a reasonable degree of medical certainty of Dr. Timothy Brown as outlined in the fitness evaluation dated September 22, 2010."

¶ 7    Although the record shows that the stipulation and the order were filed on December 2, 2011, on January 27, 2012, defense counsel told the court that there was an outstanding issue as to fitness. The State then tendered a stipulation and an order identical to the stipulation and order filed on December 2, 2011. The court then stated, "[b]ased on the stipulation the parties have all executed and The Court has received and entered, The Court will make the findings so indicated today." There was no further discussion of the matter.

¶ 8    On February 25, 2013, defendant pleaded guilty before yet another judge. At sentencing, evidence was presented that defendant was unable to live on his own and needed someone to remind him to do all basic tasks, such as showering, dressing appropriately, and setting his alarm clock. Before the charges were filed, it had been recommended that he be placed in a group home for developmentally disabled adults.

¶ 9    The court sentenced defendant to 10 years' incarceration. His motion to reconsider his sentence was denied, and he appeals.

## ¶ 10    II. ANALYSIS

¶ 11    Defendant contends that the trial court failed to conduct a proper fitness hearing when it accepted the parties' stipulation about his fitness. Specifically, he contends that the court found him fit based solely on Brown's conclusion without considering or analyzing the basis for that opinion. The State argues that the court did consider the basis for the opinion.

¶ 12    The due process clause of the fourteenth amendment bars prosecuting a defendant who is unfit to stand trial. *People v. Holt*, 2014 IL 116989, ¶ 51 (citing *People v. Shum*, 207 Ill. 2d 47, 57 (2003)). A defendant is unfit to stand trial if, based on a mental or physical condition, he is

---

[1]We observe that, under section 104-16(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/104-16(a) (West 2010)), "[t]he court shall conduct a hearing to determine the issue of the defendant's fitness within 45 days of receipt of the final written report of the person or persons conducting the examination ***, subject to continuances allowed pursuant to Section 114-4 of [the Code (725 ILCS 5/114-4 (West 2010))]." Here, although Brown's report was received on October 29, 2010, a series of agreed continuances took place before the hearing of December 2, 2011. Defendant does not suggest that these continuances were not pursuant to section 114-4 or otherwise suggest a violation of section 104-16(a).

unable to understand the nature and purpose of the proceedings against him or to assist in his defense. 725 ILCS 5/104-10 (West 2010); *People v. Burton*, 184 Ill. 2d 1, 13 (1998).

¶ 13    "Normally, a trial court's decision that a defendant is fit to stand trial will not be reversed absent an abuse of discretion." *People v. Contorno*, 322 Ill. App. 3d 177, 179 (2001). However, because the issue is one of constitutional dimension, the record must show an affirmative exercise of judicial discretion regarding the fitness determination. *Id*. While defendant here did not raise this issue in the trial court, the determination of fitness concerns a substantial right, making plain-error review appropriate. *Id*. at 180.

¶ 14    "When a *bona fide* doubt as to a defendant's fitness exists, the trial court has a duty to hold a fitness hearing." *Id*. at 179. "A trial court's determination of fitness may not be based solely upon a stipulation to the existence of psychiatric conclusions or findings." *Id*. "[W]here the parties stipulate to what an expert would testify, rather than to the expert's conclusion, a trial court may consider this stipulated testimony in exercising its discretion." *Id*. However, "[t]he ultimate decision as to a defendant's fitness must be made by the trial court, not the experts." *Id*. "A trial court must analyze and evaluate the basis for an expert's opinion instead of merely relying upon the expert's ultimate opinion." *Id*. The court should be active, not passive, in making the fitness determination. *People v. Thompson*, 158 Ill. App. 3d 860, 865 (1987).

¶ 15    Where a trial court fails to conduct an independent inquiry into a defendant's fitness but, instead, relies exclusively on the parties' stipulation to a psychological report finding the defendant fit, the defendant's due process rights are violated. See *People v. Cleer*, 328 Ill. App. 3d 428, 431-32 (2002); *Contorno*, 322 Ill. App. 3d at 179; *Thompson*, 158 Ill. App. 3d at 865; *People v. Greene*, 102 Ill. App. 3d 639, 643 (1981). However, where a trial court's finding of fitness is based not only on stipulations but also on its observations of the defendant and a review of a psychological report, the defendant's due process rights are not offended. See *People v. Lewis*, 103 Ill. 2d 111, 116 (1984); *People v. Robinson*, 221 Ill. App. 3d 1045, 1050 (1991); *People v. Mounson*, 185 Ill. App. 3d 31, 37-38 (1989).

¶ 16    For example, in *Contorno*, the parties stipulated, without further discussion of the issue, that an expert's report found the defendant fit to stand trial. The matter was not raised in a posttrial motion. On appeal, we found plain error and reversed. We first noted that it was ambiguous whether the parties stipulated to the expert's ultimate conclusion or whether they stipulated that the expert would testify in conformance with his report. Further, the trial court's order stated only that the defendant was found fit pursuant to the stipulation; there was no indication that the court conducted any analysis of the expert's opinion. As a result, we stated, while the trial court might have made an independent determination of fitness, from the record it appeared that the court merely accepted the expert's conclusion. Thus, it appeared that the trial court did not exercise its discretion in finding the defendant fit. *Contorno*, 322 Ill. App. 3d at 180 (citing *People v. Lucas*, 140 Ill. App. 3d 1, 6 (1986)).

¶ 17    In *Thompson*, the parties stipulated to the reports of two experts who found that the defendant was fit for trial. *Thompson*, 158 Ill. App. 3d at 861. The trial court's order finding the defendant fit did not discuss the issue other than that it noted the stipulation. *Id*. at 861, 864-65. The Third District reversed. It distinguished cases in which a stipulation was acceptable, noting that, in those cases, the parties recited a detailed stipulation to the experts' testimony rather than just a stipulation to their conclusions. Stating that the "distinction is a fine one," the court observed that the parties stipulated only to the experts' findings and conclusions instead of stipulating that the experts "would testify that in their opinion the defendant was fit." *Id*. at

864. Further, it was clear that the trial court's decision was based solely on the stipulation, as it did not appear from the record that the trial court even reviewed the reports to which the parties were stipulating. *Id*. at 864-65. In addition, although not dispositive, the trial court did not question the defendant or the attorneys about the matter. Stating that "[t]he [trial] court should not be passive, but active in making the assessment as to fitness which the law requires," the court reversed. *Id*. at 865.

¶ 18    In comparison, in *Robinson*, the parties stipulated that expert testimony would include the fact that the defendant had previously been found unfit but had since been found, upon reexamination, fit if she took proper medication. The trial court then asked the defendant if she was taking her medication, and the defendant said that she was doing so. The trial court then found her fit to stand trial. The First District affirmed. The court found that the facts demonstrated that the trial court reviewed the expert's report and had the opportunity to observe the defendant and determine that she was indeed taking her medication. Thus, the court concluded that the hearing met the requirements of due process. *Robinson*, 221 Ill. App. 3d at 1050; see also *Mounson*, 185 Ill. App. 3d at 37 (case also fell on the other side of the *Thompson* "fine line" when it was clear that the trial court reviewed the expert's report, questioned the defendant, and received responsive, nonhostile replies).

¶ 19    Here, as in *Thompson*, and unlike in *Robinson* and *Mounson*, the record does not show that the trial court exercised its discretion. Nothing indicates that the trial court ever reviewed Brown's report. Instead, the record indicates that it did not; on both dates when the court found defendant fit, the parties submitted the report with the stipulation, and the court immediately signed the prepared order finding defendant fit. The court stated no details about the basis for the finding, and it did not question defendant or the attorneys about defendant's fitness. The State argues that the stipulation was sufficient because it included the phrase that Brown would testify consistently with his report, which would include the basis for his opinion, but this ignores that the parties stated only that they were stipulating to Brown's "findings" and that Brown would "testify consistently with his reports dated September 22, 2010, *finding the defendant fit to stand trial*." (Emphasis added.) In any event, without anything to indicate that the court actually reviewed the report or knew of the basis for the finding, the record is at best ambiguous as to whether the court exercised its discretion as opposed to merely relying on Brown's ultimate conclusion.

¶ 20    Here, the court was not active in making the determination, as required by *Thompson*. Instead it was passive, in that it accepted a stipulation to Brown's finding, made no independent inquiry, and simply signed a premade order finding defendant fit without ever stating any of its own findings on the matter. Thus, we take this opportunity to clarify what a court should do when presented with a stipulation as to fitness. While the court may accept a stipulation that, if called to testify, an expert would testify consistently with his or her report, it is incumbent upon the court to make a record reflecting that it did more than merely base its fitness finding on the stipulation to the expert's ultimate conclusion. The court must state on the record the factual basis for its finding, which must be more than a mere acceptance of a stipulation that the defendant is fit or that an expert found the defendant fit. Here, had the court stated that it read the report and agreed with Brown's conclusion based on the facts set out in the report, or had it recited the facts it relied on in making its own fitness determination, there would have been no ambiguity about the court's exercise of discretion.

## III. CONCLUSION

The record does not show that the trial court exercised its discretion when it found defendant fit. Accordingly, we must vacate the trial court's finding of fitness and remand the cause for a new fitness hearing. However, we reject defendant's contention that "[t]he appropriate remedy is to determine the defendant's current fitness and to allow the defendant to plead anew." Defendant cites *People v. Neal*, 179 Ill. 2d 541 (1997), where, we acknowledge, the supreme court observed that "retrospective fitness determinations will normally be inadequate to protect a defendant's due process rights when more than a year has passed since the original trial and sentencing." *Id.* at 554. But the court went on to say that, in "exceptional cases," "circumstances may be such that the issue of defendant's fitness or lack of fitness at the time of trial may be fairly and accurately determined long after the fact." *Id.* We believe that these are such circumstances. Because the parties stipulated to the only evidence presented, the trial court is perfectly capable of reviewing that evidence and finding whether, in light of that evidence, defendant was fit when he pleaded guilty and was sentenced. We thus remand the cause for a retrospective determination of his fitness. If the trial court finds that he was fit, the judgment shall stand. Only if not shall the trial court vacate the judgment and allow defendant to plead anew.

Order vacated; cause remanded.