2020 IL App (2d) 180378
No. 2-18-0378
Opinion filed September 17, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-CF-92 |
| KEVIN F. SCOTT, | ) ) | Honorable Michael P. Bald, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Presiding Justice Birkett and Justice Brennan concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Kevin F. Scott, appeals after unsuccessfully seeking to withdraw his guilty plea to a single count of first-degree murder (720 ILCS 5/9-1(a)(1) (West 2014)). He asserts that the trial court committed plain error when it failed to hold a proper fitness hearing after it found that a *bona fide* doubt existed as to his fitness. He therefore contends that we should remand the cause for a proper fitness hearing and for him to plead anew. We hold that the trial court did not find a *bona fide* doubt as to defendant's fitness. We thus conclude that no plain error occurred, and we affirm defendant's conviction and sentence.

¶ 2                                    I. BACKGROUND

¶ 3     Defendant, Kevin F. Scott, was charged by information with the first-degree murder (720 ILCS 5/9-1(a)(1) (West 2014)) of Melissa Nickel. The information charged multiple theories of murder that included charges that the murder was committed with a firearm. The information also included various firearms charges.

¶ 4     On May 28, 2014, appointed counsel for defendant told the court that "[a]fter reviewing a few hundred pages of reports and medical records," counsel believed that "there is a *bona fide* doubt as to [defendant's] fitness and sanity." He moved for the appointment of a psychologist to perform a fitness evaluation, stating that "this examination is necessary to determine defendant's sanity at the time of the offenses and whether the defendant is fit to stand trial." The motion did not invoke any specific provision of the article of the Code of Criminal Procedure of 1963 (Code) concerning fitness to stand trial (725 ILCS 5/104-10 to 104-31 (West 2014)), and it did not include a request for a fitness hearing. At the motion hearing, the court asked the State whether it had any objections to the appointment; it did not. The court also advised defendant that the time for the examination would toll the running of the speedy-trial clock. Defendant said that he understood. The court granted the motion by signing an order prepared by defense counsel. That order did not include a finding that a *bona fide* doubt had been raised as to defendant's fitness. Further, the court did not orally suggest that such a doubt had been raised. The court set a July 16, 2014, status date to address the results of the examination.

¶ 5     On that date, defense counsel stated:

> "I would assert, and I believe the State would stipulate that if Dr. Meyer were here to testify, he would testify consistent with his report dated June 10, 2014, and *** it would be his opinion that [defendant] is fit to stand trial at this time."

The State noted that the psychologist had concluded that defendant was fit to stand trial and stated that it agreed with the conclusion. The court responded, "As indicated. Okay." Defense counsel commented that, "based on the finding of fitness," he would move on to litigating other motions but asked for further time to review the sanity assessment with defendant. At a July 23, 2014, status hearing, defense counsel stated that "when we were last in court, the parties stipulated to [defendant's] fitness."

¶ 6    On October 9, 2014, defendant appeared, represented by new appointed counsel. The parties were addressing the status of a motion to suppress when the court interjected, "Just a moment. I'm just wanting to make sure we have everything cleared up as far as fitness. Okay. The defendant was found fit."

¶ 7    The parties then litigated several pretrial motions. On March 22, 2017, defendant entered into a partially negotiated plea agreement by which he pled guilty in the present case to one count of first-degree murder and, in a separate case, to one count of aggravated unlawful restraint (720 ILCS 5/10-3.1(a) (West 2014)). The court sentenced defendant to 5 years in prison for aggravated unlawful restraint, to be served consecutively to a 40-year prison term for first-degree murder.

¶ 8    Defendant timely moved for reconsideration of the 40-year sentence for first-degree murder (the State had recommended a maximum of 45 years for that charge). The court denied that motion on July 12, 2017. Defendant then filed a motion to withdraw his guilty plea. The court ultimately denied that motion on May 15, 2018. Defendant filed a notice of appeal on May 17, 2018. On October 1, 2018, the supreme court entered a supervisory order requiring this court to treat defendant's appeal as properly perfected. *Scott v. Justices of the Appellate Court, Second District*, No. 124011 (Ill. Oct. 1, 2018) (supervisory order).

¶ 9                                   II. ANALYSIS

¶ 10     In this appeal, defendant asserts that the trial court committed plain error when it failed to hold a proper fitness hearing after it found that a *bona fide* doubt existed as to his fitness. He therefore contends that we should remand the cause for a proper fitness hearing and for him to plead anew.

¶ 11     In response, the State acknowledges that the trial court did not hold a fitness hearing. However, the State asserts that nothing in the record shows that the court found a *bona fide* doubt of defendant's fitness. It contends that defendant improperly construed the trial court's grant of defendant's request for the appointment of a psychologist as effectively a finding that a *bona fide* doubt of defendant's fitness had been raised. Citing *People v. Hanson*, 212 Ill. 2d 212 (2004), the State notes that the granting of a motion for a fitness evaluation is not by itself the equivalent of a finding of a *bona fide* doubt of fitness and that the trial court never explicitly made such a finding. It thus contends that the court was not required to hold a fitness hearing, so that no error, plain or otherwise, occurred.

¶ 12     In reply, defendant concedes that granting a motion for a fitness evaluation does not imply a finding of a *bona fide* doubt of fitness. However, he contends that the court's comment that defendant "was found fit," taken with other parts of the record, "show[ ] that the trial court and the parties understood that there was a *bona fide* doubt found as to the defendant's fitness" and proceeded accordingly.

¶ 13     The effect of the parties' briefs is to narrow the issue that we must decide to whether the court made a finding that a *bona fide* doubt of defendant's fitness was raised. We conclude that the court did not make such a finding. As a result, no error, let alone plain error, occurred. We therefore affirm.

¶ 14    As we noted, defendant concedes that, because he did not preserve his claim of error, any review must be under the principles of the plain-error doctrine. The plain-error doctrine serves as " 'a narrow and limited exception' " to the general forfeiture rule. *People v. Szabo*, 113 Ill. 2d 83, 94 (1986) (quoting *People v. Pastorino*, 91 Ill. 2d 178, 188 (1982)). A reviewing court can address unpreserved error "when a clear and obvious error occurs and: (1) the evidence is closely balanced; or (2) that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Bannister*, 232 Ill. 2d 52, 65 (2008). But where there is no error, there can be no plain error. *Bannister*, 232 Ill. 2d at 71.

¶ 15    "The due process clause of the fourteenth amendment bars prosecution of a defendant [who is] unfit to stand trial." *People v. Holt*, 2014 IL 116989, ¶ 51. But a defendant is presumed to be fit to stand trial, and he or she "is entitled to a fitness hearing only when a *bona fide* doubt of [his or her] fitness is raised." *People v. Easley*, 192 Ill. 2d 307, 318 (2000). Once such a doubt has been raised, for due process requirements to be satisfied, "the record must show an affirmative exercise of judicial discretion regarding the fitness determination." *People v. Cook*, 2014 IL App (2d) 130545, ¶ 13. Thus, once such a doubt has been raised, mere stipulation to the findings of a fitness evaluation does not satisfy due process. *Cook*, 2014 IL App (2d) 130545 ¶ 14.

¶ 16    Section 104-11(a) of the Code (725 ILCS 5/104-11(a) (West 2014)) provides that either party or the court may raise the issue of defendant's fitness and, "[w]hen a bona fide doubt of the defendant's fitness is raised, the court *shall* order a determination of the issue before proceeding further." (Emphasis added.) Under section 104-11(b) of the Code (725 ILCS 5/104-11(b) (West 2014)), a defendant may request that the court appoint an expert "to examine [the defendant] to determine prior to trial if a bona fide doubt as to [the defendant's] fitness to stand trial may be raised." In other words, an examination under section 104-11(b) is intended to aid the court in

deciding, pursuant to section 104-11(a), whether a *bona fide* doubt *can be* raised and thus whether a fitness hearing is necessary. Under section 104-11(a), once a *bona fide* doubt *is* raised, a hearing is necessary before the court can address other pretrial matters.

¶ 17   In *Hanson*, the supreme court addressed whether a court's grant of a motion for a fitness examination implies a finding of a *bona fide* doubt as to a defendant's fitness. It held that no such implication can be drawn: the "mere act of granting [such a motion] cannot, by itself, be construed as a definitive showing that the trial court found a *bona fide* doubt of the defendant's fitness." *Hanson*, 212 Ill. 2d at 222. "If the trial court is not convinced [that a] *bona fide* doubt is raised, it has the discretion under section 104-11(b) to grant the defendant's request for appointment of an expert to aid in that determination." *Hanson*, 212 Ill. 2d at 217. Thus, when a party has filed a motion under section 104-11(a) raising the issue of the defendant's fitness, the trial court may decide that it needs an expert to conduct a fitness examination to aid in determining whether a *bona fide* doubt of fitness exists, but in ordering the exam the court is not thereby bound to hold a fitness hearing. *Hanson*, 212 Ill. 2d at 217. If the court has ordered an evaluation without first deciding that a *bona fide* doubt of fitness has been raised, then if, after considering the results of the examination, it finds that no *bona fide* doubt of fitness exists, "no further hearings on the issue of fitness [are] necessary." *Hanson*, 212 Ill. 2d at 217.

¶ 18   Defendant points to spots in the record in which defense counsel or the court said that defendant was "found fit" or that there was a "finding of fitness." He contends that, "[i]f the trial court had never found a *bona fide* doubt as to the defendant's fitness, there would be no need to make a finding of fitness as defendants are presumed to be fit until a *bona fide* doubt is raised." See 725 ILCS 5/104-10 (West 2014) (defendants are presumed to be fit to stand trial).

¶ 19    This argument is without merit, as the court made no finding that a *bona fide* doubt of defendant's fitness had been raised. If defense counsel intended the court to find that such a doubt had been raised, he would have included that finding in his draft order appended to the motion to appoint a psychologist. The draft order did not include such a finding, and the court did not add such a finding when it signed the order. Defendant's motion did not seek a fitness hearing, and the court mentioned such a hearing only to ask the State if *it* sought one. In short, the record shows no finding that a *bona fide* doubt had been raised at the time the trial court ordered the evaluation. Rather, everything in the record suggests that—to the extent that the psychologist was appointed to address defendant's fitness to stand trial, not his fitness at the time of the offense—the court appointed him under section 104-11(b) as an aid in determining whether a *bona fide* doubt existed as to defendant's fitness. As we noted, under *Hanson*, when a court orders an evaluation without *first* deciding that a *bona fide* doubt of fitness has been raised, it is procedurally proper for it to conclude solely from the examination's results that no such doubt exists. In other words, in such cases, no fitness hearing is necessary. *Hanson*, 212 Ill. 2d at 217. That is what happened here.

¶ 20    To be sure, defense counsel, and later the court, made comments to the effect that defendant had been found fit. Defendant would have us interpret those comments as an indication that the court and parties treated the brief discussion of the psychologist's report on the July 16, 2014, status date as a fitness hearing. That reading overinterprets the comments. Counsel and the court were simply remarking that the psychologist had found defendant fit. There was no suggestion that the trial court was itself making an affirmative finding of fitness as if to satisfy a prior doubt of fitness. Moreover, defendant does not explain why the status hearing on the psychologist's report would turn into a fitness hearing without a prior request for such a hearing and without an earlier finding that a *bona fide* doubt of defendant's fitness had been raised.

¶ 21    Defendant contends that *Hanson* is factually distinguishable. To the extent that that is true, it is irrelevant. Although the State discussed the facts of *Hanson* at some length, we do not need to. All we need to take from *Hanson* is the proposition that the granting of a motion to appoint an expert to examine the defendant does not imply a finding that a *bona fide* doubt of a defendant's fitness was raised. Given that proposition and the absence of any explicit finding that a *bona fide* doubt of defendant's fitness was raised in this case, we can conclude that, consistent with *Hanson*, the trial court did not need to hold a fitness hearing. See *Hanson*, 212 Ill. 2d at 217.

¶ 22    Defendant relies on two cases, *People v. Contorno*, 322 Ill. App. 3d 177 (2001), and *Cook*, 2014 IL App (2d) 130545, to support his claim that the court needed to address his fitness in a full fitness hearing. Those cases are distinguishable. In *Contorno*, we noted that the trial court had "found that a *bona fide* doubt existed regarding defendant's fitness." *Contorno*, 322 Ill. App. 3d at 178. Similarly, in *Cook*, the "trial court found a *bona fide* doubt as to defendant's fitness to stand trial and ordered a fitness evaluation." *Cook*, 2014 IL App (2d) 130545, ¶ 3. Thus, those cases are of no assistance to defendant.

¶ 23    For the reasons stated, we conclude that the trial court was not required to hold a fitness hearing.

¶ 24                                III. CONCLUSION

¶ 25    The judgment of the circuit court of Stephenson County is affirmed.

¶ 26    Affirmed.

---

**No. 2-18-0378**

---

| | |
|---|---|
| **Cite as:** | *People v. Scott*, 2020 IL App (2d) 180378 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Stephenson County, No. 14-CF-92; the Hon. Michael P. Bald, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Erin S. Johnson, of State Appellate Defender's Office, of Elgin, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Carl H. Larson, State's Attorney, of Freeport (Patrick Delfino, Edward R. Psenicka, and John G. Barrett, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---