NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 250853-U

NO. 4-25-0853

IN THE APPELLATE COURT

FILED
June 26, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Mercer County |
| TRENT W. DeSHANE, | ) | No. 23CF108 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Matthew W. Durbin, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Zenoff and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court erred by ruling defendant was fit for trial without conducting any kind of independent inquiry into defendant's fitness.

¶ 2     On April 30, 2025, a jury found defendant, Trent W. DeShane, guilty of aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2022)) and reckless discharge of a firearm (*id.* § 24-1.5(a)). However, the jury found defendant not guilty of attempt (first degree murder) (*id.* § 8-4(a), 9-1(a)(2)). On July 14, 2025, the trial court sentenced defendant to 12 years in prison. On August 13, 2025, a notice of appeal was filed at defendant's request. On August 15, 2025, the court entered a sentencing order, which it amended on August 19, 2025, but defendant's sentence of 12 years in prison remained. On December 8, 2025, this court allowed defendant's motion for leave to file a late notice of appeal.

¶ 3     On appeal, defendant makes the following arguments: (1) the trial court committed

a structural error when it deprived him of his right to a preliminary hearing in the absence of a grand jury indictment; (2) he received ineffective assistance of counsel when his attorney failed to object to the State's admission of hearsay statements from Deputy Matthew Schmutz's body-cam footage; and (3) the court erred when it found he was fit to stand trial in a conclusory fitness hearing, basing its finding on nothing more than the parties' stipulations to an evaluator's report.

¶ 4     Based on the record before us, we vacate the trial court's fitness determination and remand this case to the trial court for the limited purpose of conducting a retrospective fitness hearing. We express no opinion regarding the other issues defendant has raised in this appeal. If the trial court determines the evidence regarding defendant's fitness is inconclusive or suggests that defendant was unfit, defendant is entitled to a new trial. If the trial court determines defendant was fit, defendant may appeal that determination, if he wishes, and again raise the issues we did not address in this order.

¶ 5                          I. BACKGROUND

¶ 6     On July 26, 2023, the State charged defendant by information with one count of attempt (first degree murder) (*id.* § 8-4(a), 9-1(a)(2)), one count of aggravated battery with a firearm (*id.* § 12-3.05(e)(1)), and one count of reckless discharge of a firearm (*id.* § 24-1.5(a)).

¶ 7     On August 8, 2023, the trial court indicated a *bona fide* doubt had been raised regarding defendant's fitness to enter a plea, stand trial, or be sentenced. The court ordered a fitness evaluation because a fitness hearing was required. The court appointed Dr. Chad Brownfield, a licensed clinical and forensic psychologist, to examine defendant. After interviewing defendant on September 21, 2023, Dr. Brownfield found defendant's "mental condition [did] not significantly interfere with his ability to understand the nature and purpose of the proceedings against him and [did] not significantly impair his ability to assist in his own defense." Dr. Brownfield opined

defendant met the legal criteria for fitness to stand trial.

¶ 8        At a hearing on November 6, 2023, defense counsel indicated she had received a copy of Dr. Brownfield's report, had sent a copy to defendant, and was meeting with defendant that day to discuss how he wanted to proceed. The trial court asked defense counsel:

>  "Are you in agreement—Are you stipulating that Chad R. Brownfield is a licensed clinical and forensic psychologist licensed to do these evaluations in the state of Illinois and that this evaluation contains within it the necessary information to make said evaluation and that if Dr. Brownfield were called at a contested hearing as to his findings that he would testify substantially similar to that as which is contained in his report and that his conclusions were reached within a reasonable degree of medical or psychological certainty based upon his training and expertise as an expert in his field?
>
>  [DEFENSE COUNSEL]: Yes, Your—
>
>  THE COURT: Is that your stipulation?
>
>  [DEFENSE COUNSEL]: Yes, Your Honor. But my client is objecting to— he does not think that the decision reached is—the recommendation reached is correct.
>
>  THE COURT: So are you saying that you would like a second opinion of a different psychologist."

Defense counsel indicated this was the case.

¶ 9        At a hearing on November 28, 2023, the trial court noted for the record that Dr. Brownfield had already submitted a fitness report. However, the court granted defendant's motion and ordered Dr. Joel Eckert to perform a forensic examination on defendant pursuant to sections

104-13 and 104-16 of the Code of Criminal Procedure of 1963 (725 ILCS 5/104-13, 104-16 (West 2022)). The court's written order indicated a *bona fide* doubt had been raised as to defendant's fitness to enter a plea, participate in his trial, or participate in his sentencing. The court ordered Dr. Eckert to submit a written report to the court with a diagnosis and an explanation of how the diagnosis was reached.

¶ 10　　　　At a hearing on March 4, 2024, defense counsel presented the trial court with a report by Dr. Eckert, which indicated defendant was fit to stand trial. The State noted it had not received a copy of the report but had spoken with defense counsel about its contents. The court, the State, and defense counsel then had the following exchange.

　　　　"THE COURT: Are you prepared, [state's attorney], having spoken with [defense counsel], to stipulate to the qualifications of the treating psychologist, consider him an expert under the law to render such an opinion, and in lieu of testimony, accept the conclusions contained in his report?

　　　　[THE STATE]: I am, Your Honor. *** I'm familiar with Dr. [Eckert] just through the course of my professional cases, and *** I would stipulate to those findings.

　　　　THE COURT: [Defense counsel], are you willing to stipulate to the doctor's qualifications and accept this in lieu of live testimony and that the conclusions that Dr. [Eckert] has reached here were reached within a reasonable degree of psychological certainty, and the ultimate conclusion would be that your client is fit to stand trial, plead, or be sentenced or assist with his own defense?

　　　　[DEFENSE COUNSEL]: Yes, Your Honor.

　　　　THE COURT: The report is entered. He's fit to stand trial, plead, or be

sentenced and assist in his own defense. Are we ready to set this matter for trial?" Defense counsel asserted the defense was not ready to proceed and asked for a pretrial conference on April 2, 2024.

¶ 11 Defendant's jury trial commenced on April 28, 2025. The jury found defendant guilty of aggravated battery with a firearm and reckless discharge of a firearm. However, the jury found defendant not guilty of attempt (first degree murder).

¶ 12 On July 14, 2025, the trial court sentenced defendant. On August 19, 2025, the court entered an amended sentencing order, sentencing defendant to 12 years in prison on the aggravated battery with a firearm conviction.

¶ 13 This appeal followed.

¶ 14 II. ANALYSIS

¶ 15 For the sake of judicial economy, we only address defendant's argument the trial court erred when it found him fit to stand trial in an "entirely conclusory fitness hearing," basing its fitness finding on nothing more than the State's and defense counsel's stipulations to an evaluator's report. While this issue was not properly preserved for appellate review, defendant asks this court to review the alleged error pursuant to the second prong of the plain error doctrine.

¶ 16 Pursuant to Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Under the second prong of the plain error doctrine, an appellate court may consider an unpreserved error when "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence" in the case. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Unpreserved issues regarding a defendant's fitness to stand trial may be

reviewed under the second prong of the plain error doctrine. *People v. Sandham*, 174 Ill. 2d 379, 382 (1996).

¶ 17        The due process clause of the fourteenth amendment (U.S. Const., amend. XIV, § 1) prohibits the prosecution of a defendant who is not fit to stand trial. *People v. Gillon*, 2016 IL App (4th) 140801, ¶ 20. While the law presumes a defendant is fit to stand trial (725 ILCS 5/104-10 (West 2022)), a trial court "must order a behavioral clinical examination of the defendant by a licensed physician, clinical psychologist, or psychiatrist" if a *bona fide* doubt of a defendant's fitness has been raised. *People v. Smith*, 2017 IL App (1st) 143728, ¶ 84. Here, prior to the fitness hearing, the trial court in this case found a *bona fide* doubt of defendant's fitness had been raised.

¶ 18        Ordinarily, we will not disturb a trial court's decision that a defendant is fit to stand trial absent an abuse of discretion. *Gillon*, 2016 IL App (4th) 140801, ¶ 21. "However, because the issue of fitness is constitutional in dimension, the record must affirmatively show that the court's fitness determination was the product of judicial discretion and judgment." *Id.* Whether a defendant is fit is a decision for the trial court and not experts. *Id.* A court may not simply act as a " 'rubber stamp' " to an expert's opinion a defendant is fit. *Id.*

¶ 19        With regard to stipulations made by the parties regarding a defendant's fitness, this court in *Gillon* noted our supreme court has drawn a distinction

> "between the parties stipulating to the fact of fitness and thereby accepting the expert's opinion and conclusion as true and correct [citation], versus stipulating to the *content* of the opinion testimony that would have been presented by the expert had the expert testified [citation]. In the latter circumstance, the court could find the defendant fit, seek more information, or find the evidence insufficient to support a finding of restoration to fitness. [Citation.] With this latter and proper stipulation,

the ultimate decision rests with the court, not the experts." (Emphasis in original.)

*Id.* ¶ 23 (citing *People v. Lewis*, 103 Ill. 2d 111, 116 (1984)).

However, as noted by the Appellate Court, Second District, a trial court's fitness determination may not be based solely upon stipulations. *People v. Cook*, 2014 IL App (2d) 130545, ¶ 14. A court must be active, not passive, in determining whether a defendant is fit. *Id.* This requires a court to do more than simply rely on an expert's opinion as to a defendant's fitness. *Id.* The court must evaluate and analyze the basis or bases for the expert's opinion. *Id.* "Where a trial court fails to conduct an independent inquiry into a defendant's fitness but, instead, relies exclusively on the parties' stipulation to a psychological report finding the defendant fit, the defendant's due process rights are violated." *Id.* ¶ 15.

¶ 20       In this case, the transcripts of the hearings held on November 6, 2023, November 28, 2023, and March 4, 2024, include no indication the trial court even read the reports prepared by either Dr. Brownfield or Dr. Eckert, nor do they include any indication the court made any independent inquiry into defendant's fitness. Instead, based on our review of the record, the court simply accepted the opinions of Dr. Brownfield and Dr. Eckert that defendant was fit based on the stipulations made by the State and defense counsel. As a result, we conclude the court failed to exercise its judicial discretion and independent judgment when it ruled defendant was fit. Accordingly, defendant has established not only that a clear and obvious error occurred but that second prong plain error occurred. Therefore, as suggested by defendant, the proper remedy is to remand this case to the trial court for a retrospective fitness hearing, which should be conducted pursuant to the guidance this court recently provided in *People v. Harris*, 2025 IL App (4th) 241061-U, ¶¶ 50-54.

¶ 21                              III. CONCLUSION

¶ 22 For the reasons stated, we vacate the trial court's fitness determination and remand this case to the trial court for the limited purpose of conducting a retrospective fitness hearing. We express no opinion regarding the other issues defendant has raised in this appeal. If the trial court finds that defendant was unfit or that the evidence is inconclusive as to his fitness, defendant is entitled to a new trial. If, however, the court determines defendant was fit, defendant may appeal that determination, if he wishes, and again raise the issues we did not address in this order.

¶ 23 Vacated and remanded with directions.