Docket No. 96869–Agenda 9–May 2004.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROBERT HANSON, Appellee.

Opinion filed September 23, 2004.

JUSTICE KILBRIDE delivered the opinion of the court:

In this case, the primary issue we are asked to decide is whether the grant of a defense motion for a psychological examination, without more, creates a sufficient inference that the trial court found 
bona fide
 doubt of defendant’s fitness to stand trial to require a remand for a retrospective fitness hearing. We hold that it does not.

BACKGROUND

In 2001, defendant Robert Hanson was indicted on charges of aggravated battery (720 ILCS 5/12–4(b)(6) (West 2000)) and resisting a peace officer (720 ILCS 5/31–1(a) (West 2000)). Defense counsel filed a written pretrial motion, citing section 13(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/104–13(a) (West 2000)), and requesting that defendant be examined “by an expert to determine the Defendant’s fitness to stand trial, as well as her [
sic
] mental condition at the time of the alleged offense.” The motion also noted counsel’s feeling that a 
bona fide
 doubt existed concerning defendant’s ability to understand the nature and purpose of the proceedings and to assist in his own defense. The State did not object, and the trial court granted the motion, changing the previously scheduled trial date to a date for the fitness hearing. Due to scheduling difficulties with the appointed psychiatrist, the date for the fitness hearing was changed twice. After completion of the examination, defense counsel informed the court that defendant had been found fit and withdrew the motion. The expert’s report was not admitted into the record. The trial court proceeded with a bench trial and found defendant guilty of both charges, sentencing him to concurrent terms of five years in prison for aggravated battery and 364 days in jail for resisting a peace officer.

On appeal, the appellate court, with one justice dissenting, found plain error, concluding that, pursuant to 
People v. Cleer
, 328 Ill. App. 3d 428 (2002), the grant of a fitness examination implicitly demonstrated the trial judge’s 
bona fide
 doubt concerning defendant’s fitness for trial. No. 3–02–0463 (unpublished order under Supreme Court Rule 23). The majority held that because 
bona fide
 doubt was present, the trial court was obliged to hold a fitness hearing, even after the defense withdrew its motion. According to the court, since no fitness hearing was held in this case, defendant’s due process rights had been violated, and the appellate court remanded the cause for a retrospective fitness hearing. The dissenting justice maintained that there was no due process violation because the mere appointment of an examining expert did not demonstrate the trial court’s belief there was 
bona fide
 doubt about defendant’s fitness. Indeed, the dissent reasoned, because the expert had found defendant fit, the trial court could have properly declined to hold a hearing, particularly after the defense motion was withdrawn. See 
People v. Kalwa
, 306 Ill. App. 3d 601, 603 (1999). This court allowed the State’s timely petition for leave to appeal. 177 Ill. 2d R. 315(a).

ANALYSIS

The sole issue before this court is whether the appellate court erred by holding that the grant of defendant’s request for a fitness examination implicitly signaled the trial court’s belief that there was a 
bona fide
 doubt as to defendant’s fitness, necessitating a fitness hearing. While defendant did not raise this issue in a posttrial motion, our waiver rule is a limitation on the parties and not on this court. 
People v. Donoho
, 204 Ill. 2d 159, 169 (2003). Here, we will decide the issue on its merits because it implicates defendant’s substantial right in obtaining due process of law. See U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §2. 
Medina v. California
, 505 U.S. 437, 439, 120 L. Ed. 2d 353, 359, 112 S. Ct. 2572, 2574 (1992) (stating the federal due process clause bars the prosecution of an unfit defendant); 
People v. Sandham
, 174 Ill. 2d 379, 382 (1996) (stating due process bars the criminal prosecution of an unfit defendant).

Both parties argue that this question implicates section 104–11 of the Code. Since statutory interpretation presents a question of law, we will review this issue 
de novo
. 
In re C.N.
, 196 Ill. 2d 181, 208 (2001). In relevant part, section 104–11 states:

“(a) The issue of the defendant’s fitness for trial *** may be raised by the defense, the State or the Court at any appropriate time *** before, during, or after trial. When a bona fide doubt of the defendant’s fitness is raised, the court shall order a determination of the issue before proceeding further.

(b) Upon request of the defendant that a qualified expert be appointed to examine him or her to determine prior to trial if a bona fide doubt as to his or her fitness to stand trial may be raised, the court, in its discretion, may order an appropriate examination. However, no order entered pursuant to this subsection shall prevent further proceedings in the case.” 725 ILCS 5/104–11(a), (b) (West 2000).

Sections 104–11(a) and (b) may be applied in tandem or separately, depending on if and when the trial court determines a 
bona fide
 doubt of fitness is raised. If the trial court is not convinced 
bona fide
 doubt is raised, it has the discretion under section 104–11(b) to grant the defendant’s request for appointment of an expert to aid in that determination. 725 ILCS 5/104–11(b) (West 2000). Even for a motion filed under section 11(a), the trial court could specify its need for a fitness examination by an expert to aid in its determination of whether a 
bona fide
 doubt is raised without a fitness hearing becoming mandatory. In either instance, after completion of the fitness examination, if the trial court determines there is 
bona fide
 doubt, then a fitness hearing would be mandatory under section 104–11(a) (725 ILCS 5/104–11(a) (West 2000)). 
People v. Haynes
, 174 Ill. 2d 204, 226 (1996), citing 725 ILCS 5/104–11(a) (West 1992). Conversely, if after the examination the trial court finds no 
bona fide
 doubt, no further hearings on the issue of fitness would be necessary. Alternatively, section 104–11(b) may be bypassed entirely if the trial court has already determined without the aid of a section 104–11(b) examination that there is a 
bona fide
 doubt of the defendant’s fitness. In that instance, the trial court would be obliged under section 104–11(a) to hold a fitness hearing before proceeding further. 725 ILCS 5/104–11(a) (West 2000). In sum, the primary distinction between sections 104–11(a) and 104–11(b) is that section 104–11(a) ensures that a defendant’s due process rights are not violated when the trial court has already found 
bona fide
 doubt to have been raised, while section 104–11(b) aids the trial court in deciding whether there is a 
bona fide
 doubt of fitness. See Ill. Const. 1970, art. I, §2; U.S. Const., amends. VI, XIV. A due process violation would occur if a defendant is subjected to trial when unable to understand the nature and purpose of the criminal proceedings and unable to assist defense counsel. See 
People v. Eddmonds
, 143 Ill. 2d 501, 512 (1991).

Here, the State contends that section 104–11(b) applies, giving the trial court discretion to appoint an expert to aid in the determination of whether 
bona fide
 doubt of fitness has been raised. Section 104–11(b) does not conclusively establish that 
bona fide
 doubt has been raised merely because a request for a fitness examination has been granted. The State also asserts that the appellate court erred by relying on 
People v. Cleer
, 328 Ill. App. 3d 428 (2002), because that case erroneously created a 
per se
 rule that a trial court implicitly finds 
bona fide
 doubt whenever it grants a motion for a fitness hearing and appoints an examining expert. 
Cleer
, 328 Ill. App. 3d at 431. While the State acknowledges that a defendant is entitled to a fitness hearing if there is a 
bona fide
 doubt concerning fitness (
People v. Johnson
, 183 Ill. 2d 176, 193 (1998)), it denies any showing of 
bona fide
 doubt in this case and argues that the appellate court improperly mandated a retrospective fitness hearing.

Defendant counters that the examining expert was appointed under section 104–11(a), not section 104–11(b), as the State contends. In essence, defendant argues that, because 
bona fide
 doubt existed, a fitness hearing was necessary pursuant to section 104–11(a). See 
Haynes
, 174 Ill. 2d at 226, citing 725 ILCS 5/104–11(a) (West 1992). Defendant further claims that the appellate court properly relied on 
Cleer
 to mandate a fitness hearing even after the defense motion was withdrawn. Finally, defendant asserts that the record establishes that both the State and the trial court implicitly concurred in defense counsel’s belief that a 
bona fide
 doubt of defendant’s fitness had been raised. He points to his lengthy mental health history, multiple prior psychiatric and medical diagnoses, and his trial behavior as the alleged basis for their concurrence.

First, we note that defendant’s motion specifically referred only to section 104–13(a) of the Code (725 ILCS 5/104–13(a) (West 2000)), and made no reference at all to section 104–11(a) or (b). This fact alone belies defendant’s claim that the motion was filed pursuant to section 104–11(a). Section 104–13(a) states:

“When the issue of fitness involves the defendant’s mental condition, the court shall order an examination of the defendant by one or more licensed physicians, clinical psychologists, or psychiatrists chosen by the court. No physician, clinical psychologist or psychiatrist employed by the Department of Human Services shall be ordered to perform, in his official capacity, an examination under this Section.” 725 ILCS 5/104–13(a) (West 2000).

Section 104–13(a) only specifies who may be appointed to examine a defendant when the question of fitness involves mental health issues. It could be used in conjunction with either section 104– 11(a) or 104–11(b), since an examination by an expert may be ordered under either section. Thus, the language in the defendant’s own motion fails to advance his argument that the trial court was bound to hold a fitness hearing under section 104–11(a).

Next, we consider defendant’s contention that the appellate court properly relied on the statement in 
Cleer
 that “[u]pon accepting the motion [for a fitness evaluation and hearing] and appointing a qualified expert, the trial court implicitly concluded that a 
bona fide
 doubt as to the defendant’s fitness did exist.” 
Cleer
, 328 Ill. App. 3d at 431. Defendant argues that the State’s interpretation of 
Cleer
 as establishing a 
per se
 rule is too broad and fails to consider the underlying facts. In 
Cleer
, the defendant successfully moved for both a psychological examination and a fitness hearing pursuant to section 104–11(a) of the Code, claiming that there was a 
bona fide
 doubt of the defendant’s fitness and that the defendant could not effectively communicate or assist in his defense. The trial court granted the motion and ordered a psychological examination of the defendant. The examining expert found the defendant fit to stand trial, and defense counsel withdrew his motion “for a further hearing on the matter.” 
Cleer
, 328 Ill. App. 3d at 430. The trial court then declared that the fitness issue had been “resolved in favor of the defendant” and expressly found him fit to stand trial without any further proceedings on the issue of fitness. 
Cleer
, 328 Ill. App. 3d at 430. The appellate court held that section 104–11(a) required a fitness hearing even if the underlying motion was voluntarily withdrawn because the grant of the motion implied that the trial court believed 
bona fide
 doubt existed as to defendant’s fitness. 
Cleer
, 328 Ill. App. 3d at 431-32.

Here, defendant claims that the facts are analogous to 
Cleer
 because in both cases defense counsel noted the defendant’s lengthy psychiatric history and asserted the personal belief that a 
bona fide
 doubt of fitness existed. Moreover, defense counsel in both cases requested that the proceedings be continued until the fitness examination was completed, an action required by section 104–11(a). See 725 ILCS 5/104–11(a) (West 2000). Defendant suggests that by seeking a continuation his counsel was implicitly requesting a fitness hearing as well as an evaluation, just as in 
Cleer
. In addition, defendant claims the need for a hearing is even more apparent here because the trial court did not make an explicit finding that defendant was fit to stand trial.

We reject defendant’s interpretation and application of 
Cleer
. 
Cleer
 is readily distinguishable because there defense counsel actively sought, and was granted, a fitness hearing prior to withdrawing the motion. The express granting of the fitness hearing under section 104–11(a) indicated a 
bona fide
 doubt of fitness had been raised and triggered a mandatory fitness hearing. 
Haynes
, 174 Ill. 2d at 226, citing 725 ILCS 5/104–11(a) (West 1992). In this case, the motion cited section 104–13(a) and requested only the scheduling of a psychological examination by an expert appointed “to determine the Defendant’s fitness to stand trial, as well as her [
sic
] mental condition at the time of the alleged offense.” Defendant never requested a fitness hearing at any point in the proceedings. We remain unpersuaded that defendant’s attempt to continue the proceedings necessarily implies that he was also seeking a fitness hearing, as in 
Cleer
. The plain language of the motion clearly states that it sought to have defendant examined by an expert. It does not mention a fitness hearing. By its very language, the motion fails to imply that defendant was seeking a fitness hearing in addition to a fitness evaluation. We will not read such an implication into an otherwise clear motion.

More importantly, defendant’s interpretation of 
Cleer
 directly conflicts with our pronouncements in 
Eddmonds
, 143 Ill. 2d 501. In 
Eddmonds
, we noted that defendants are presumed fit to stand trial (
Eddmonds
, 143 Ill. 2d at 512; 725 ILCS 5/104–10 (West 2000)) and bear the burden of proving there is a 
bona fide
 doubt of fitness (
Eddmonds
, 143 Ill. 2d at 518). Trial courts may use their discretion to determine whether a 
bona fide
 doubt exists based on a number of factors, including those specifically enumerated in 
Eddmonds
. 
Eddmonds
, 143 Ill. 2d at 518. These factors all relate to the critical determination of whether the defendant can understand the nature and purpose of the criminal proceedings and is able to assist defense counsel. 
Eddmonds
, 143 Ill. 2d at 512.

In 
Eddmonds
, this court unequivocally stated that “there are ‘no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated.’ ” 
Eddmonds
, 143 Ill. 2d at 518, quoting 
Drope v. Missouri
, 420 U.S. 162, 180, 43 L. Ed. 2d 103, 118, 95 S. Ct. 896, 908 (1975). The mere act of granting a defendant’s motion for a fitness examination cannot, by itself, be construed as a definitive showing that the trial court found a 
bona fide
 doubt of the defendant’s fitness. If this were not true, the factors enumerated in 
Eddmonds
 would be rendered superfluous and irrelevant. Thus, defendant’s argument is contrary to our unambiguous statement in 
Eddmonds
, 143 Ill. 2d at 518. The appellate court erroneously relied on 
Cleer
 to conclude in this case that “[u]pon accepting a motion for a fitness hearing and appointing a qualified expert, the trial court implicitly concludes that a 
bona fide
 doubt as to defendant’s fitness exists.” To the extent that 
Cleer
 may be read as holding that the grant of a motion for fitness examination, by itself, requires the trial court to hold a fitness hearing, it is overruled.

Defendant also alleges that the State acquiesced in defense counsel’s assertion of 
bona fide
 doubt since it did not object to the motion for a psychological examination. The lack of objection by the State, however, does little to bolster defendant’s argument since the omission could just as readily be attributed to the State’s asserted belief that section 104–11(b), not section 104–11(a), was being applied. Under section 104–11(b), the trial court could have appointed an expert to examine defendant to aid in its determination of whether 
bona fide
 doubt had been raised. See 725 ILCS 5/104–11(b) (West 2000). Similarly, defendant’s claim that the trial court must have found a 
bona fide
 doubt concerning defendant’s fitness because it initially scheduled, and twice rescheduled, a fitness hearing is easily replaced by a more practical explanation. It is equally likely that the court was simply attempting to manage its docket efficiently and, thus, permit a timely fitness hearing if the court should later determine there was a 
bona fide
 doubt after reviewing the expert’s report. We cannot rely on defendant’s speculative assertions in the face of his “burden of proving that, at the time of trial, there were facts in existence which raised a real, substantial and legitimate doubt as to his mental capacity to meaningfully participate in his defense and cooperate with counsel.” 
Eddmonds
, 143 Ill. 2d at 518.

Finally, defendant argues that the record in this case supports a finding of 
bona fide
 doubt of his fitness to stand trial. In 
Eddmonds
, this court listed some of the factors relevant to a determination of whether a 
bona fide
 doubt of fitness exists. These factors include: (1) the rationality of the defendant’s behavior and demeanor at trial; (2) counsel’s statements concerning the defendant’s competence; (3) and any prior medical opinions on the issue of the defendant’s fitness. 
Eddmonds
, 143 Ill. 2d at 518. After reviewing the transcript of the pretrial proceedings, we cannot say that, under the first factor, defendant’s conduct supports a finding of 
bona fide
 doubt. Defendant’s demeanor and behavior during these proceedings were interested, rational, and appropriate. While a cold record may be an imperfect means of evaluating defendant’s behavior and demeanor, we note that the trial court had the opportunity to observe defendant’s conduct and demeanor firsthand during the proceedings, yet expressed absolutely no concerns about defendant’s ability to understand the nature of the proceedings or to work with counsel. The court simply granted defendant’s unopposed motion for a psychological examination without comment. Without more, defendant has failed to carry his burden of proving that his demeanor and behavior provided evidence of 
bona fide
 doubt of his fitness. See 
Eddmonds
, 143 Ill. 2d at 518.

Turning to the second 
Eddmonds
 factor, the motion for psychological examination filed by defense counsel asserted that “[c]ounsel feels that there exists a bona fide doubt as to whether the Defendant is able to understand the nature and purpose of the proceedings against him and assisting [
sic
] in his defense.” This court stated in 
Eddmonds
, however, “an assertion by counsel that a defendant is unfit does not, of itself, raise a 
bona fide
 doubt of competency.” 
Eddmonds
, 143 Ill. 2d at 519. We do not give great weight to this factor in this case because the motion failed to provide any facts to substantiate counsel’s “feeling” that doubt existed.

As for the final factor, defendant’s motion also alleged that he had a “history of mental instability and disability which may affect his fitness to stand trial and/or assist in his defense.” In 
Eddmonds
, we recognized that the existence of a mental disturbance or the need for psychiatric care does not necessitate a finding of 
bona fide
 doubt since “[a] defendant may be competent to participate at trial even though his mind is otherwise unsound.” 
Eddmonds
, 143 Ill. 2d at 519. Here, the record shows that defendant had been diagnosed at various times with a lengthy list of problems, including organic personality and brain disorder or syndrome, alcohol dependence, dementia, seizure disorder, amnestic disorder, and bipolar disorder. Nonetheless, any connection these problems may have had to defendant’s fitness at the time the motion was filed remains unexplained. Moreover, the motion does not assert that defendant’s past mental health problems affected his fitness to stand trial, only that they “may affect his fitness.” After reviewing the relevant factors, we cannot say there is sufficient evidence to support an independent finding of 
bona fide
 doubt based on the record. Thus, contrary to defendant’s suggestion, it is unnecessary to remand the cause for a formal determination by the trial court of whether 
bona fide
 doubt of defendant’s fitness was raised.

CONCLUSION

We reject the appellate court’s broad interpretation of the holding in 
Cleer
 to require the trial court to hold a fitness hearing simply because defendant’s motion for a fitness examination was granted. The appellate court’s conclusion that such a grant implicitly demonstrates the belief that 
bona fide
 doubt existed directly conflicts with our directive in 
Eddmonds
 that “there are ‘no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed.’ ” 
Eddmonds
, 143 Ill. 2d at 518, quoting 
Drope
, 420 U.S. at 180, 43 L. Ed. 2d at 118, 95 S. Ct. at 908. Moreover, there is no justification for this court to find that the defense motion implicitly requested a fitness hearing or that such a hearing was granted pursuant to section 104–11(a) and, thus, mandatory. Finally, there is insufficient evidence supporting a finding of 
bona fide
 doubt for us to presume the trial court believed doubt was raised. Defendant did not meet his burden of proving facts raising “a real, substantial and legitimate doubt as to his” fitness to stand trial. See 
Eddmonds
, 143 Ill. 2d at 518. Accordingly, we reverse the judgment of the appellate court, remanding the cause for a retrospective fitness hearing, and affirm the judgment of the circuit court.

Appellate court judgment reversed;

circuit court judgment affirmed.