2020 IL App (2d) 180041-U
No. 2-18-0041
Order filed May 27, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lee County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11-CF-108 |
| JEFFREY K. MISCHLER, | ) ) ) | Honorable Ronald M. Jacobson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Bridges and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court properly summarily dismissed defendant's postconviction petition, as he did not state a claim of unfitness to be sentenced: although defendant provided records to show that he was prescribed psychotropic medication and claimed also to be taking his wife's medication, the record refuted his claim that he could not understand the proceedings.

¶ 2    Defendant, Jeffrey K. Mischler, appeals the trial court's dismissal of his petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)).  He contends that the petition stated the gist of a meritorious claim that he was unfit to be sentenced.  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Defendant pleaded guilty to aggravated criminal sexual assault (720 ILCS 5/12-14(a)(4) (West 2010)).  In exchange, the State dismissed counts of home invasion, criminal sexual assault, and criminal trespass to a residence and agreed to recommend a sentence of no more than 10 years in prison.

¶ 5    At the plea hearing, the trial court handed defendant a "Waiver of Rights" form that listed the rights he was giving up by pleading guilty.  The court said that it would go through the form with defendant and if, at any time, defendant did not understand, he should inform the court, which would "take whatever time we need to make sure you understand."

¶ 6    The court informed defendant that he was giving up the right to plead not guilty, to have a bench or jury trial, to have a speedy trial, to cross-examine witnesses, to offer evidence in his defense, to assert his privilege against self-incrimination, and to be proven guilty beyond a reasonable doubt.  The court asked defendant whether he understood each right.  Each time, defendant responded, "Yes, Your Honor."

¶ 7    The factual basis for the plea showed that defendant, a high school teacher, went with two female coworkers to a bar in Dixon to celebrate the end of the school year.  One coworker, J.N., became visibly intoxicated.  Later that night, defendant broke into J.N.'s house, helped her remove her clothes, and had sexual intercourse with her.  Defendant gave a statement admitting that he broke into J.N.'s house knowing that she was intoxicated.

¶ 8    On November 19, 2015, the court held a sentencing hearing.  Defendant's therapist, Jodi Knox-Holub, testified that defendant's primary diagnosis was substance abuse.  He was "highly motivated," "very open" and "able to communicate."  Defendant gave a statement expressing remorse and apologizing to J.N. and his own family.  He acknowledged that alcohol use had made him selfish and inconsiderate.

¶ 9    The trial court sentenced defendant to seven and a half years' imprisonment. Defendant did not file a postplea motion or a direct appeal.

¶ 10    In 2017, defendant filed a postconviction petition. The petition raised five issues, including that defendant was "unfit and uncapable to understand" the sentencing proceedings because he was under the influence of prescription medications. In addition, his "abusive inability to stop addictive pattern's [*sic*] *** may have impaired his comprehension of the sentencing hearing" because he had also taken medication prescribed for his wife and the combined effect of the two drugs "may have" led to additional side effects.

¶ 11    The petition included documents showing that defendant was seen on November 12, 2015, by Dr. Charles Shaw, who prescribed 20 milligrams of citalopram for anxiety and mood disorder. Defendant also documented his wife's alprazolam prescription. Further documents showed that a drug such as alprazolam "[a]ffects the limbic system of brain, the part that controls emotions" and that the drug's sedative side effects can increase when combined with an antidepressant like citalopram. The trial court summarily dismissed the petition and defendant timely appeals.

¶ 12                                    II. ANALYSIS

¶ 13    The Act permits a defendant to challenge his or her conviction on the basis of violations of federal or state constitutional rights. *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005). The Act contemplates three stages of proceedings. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). At the first stage, the trial court independently reviews the petition and should dismiss it if it is frivolous or patently without merit. *Id.*; see 725 ILCS 5/122-2.1(a)(2) (West 2018). To survive dismissal at this stage, a petition must state the gist of a meritorious claim that the defendant's constitutional rights have been violated. *Edwards*, 197 Ill. 2d at 244. A petition should be dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact. *People*

*v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). A petition lacks an arguable basis in law or in fact if it is based on an indisputably meritless legal theory or a fanciful factual allegation. *Id.* at 16. An example of an indisputably meritless legal theory is one that is completely contradicted by the record. *Id.*

¶ 14 Defendant contends that his petition raised the gist of a claim that his use of psychotropic medications rendered him unfit to be sentenced. Due process prohibits the conviction and sentencing of a person who is unfit to stand trial. All defendants are presumed fit. 725 ILCS 5/104-10 (West 2016). A defendant is unfit if he or she is unable to understand the nature and purpose of the proceedings or to assist in his or her defense. *Id.* If either party or the court raises a *bona fide* doubt of a defendant's fitness, the trial court must decide that issue before proceeding further. *Id.* § 104-11(a). A defendant bears the burden of establishing a *bona fide* doubt of fitness. *People v. Hanson*, 212 Ill. 2d 212, 222 (2004). The use of psychotropic medication alone does not create a *bona fide* doubt of fitness. *People v. Mitchell*, 189 Ill. 2d 312, 330 (2000).

¶ 15 Defendant insists that his petition states the gist of a claim that he was unfit, but offers nothing more than his self-serving allegation that he was "unfit and uncapable to understand" the proceedings. He insists that this allegation is not contradicted by the record and thus is not indisputably meritless. We disagree.

¶ 16 Defendant acknowledges that he was presumed fit and that the mere use of psychotropic medication did not render him unfit. He further concedes that no one raised a *bona fide* doubt of his fitness during the proceedings. If the presumption of fitness is to mean anything, a defendant cannot simply point to a silent record and claim that it creates a doubt of his fitness. Allowing defendant to do so would shift the burden of proof to the State. Moreover, as the State contends, the record affirmatively supports a finding that defendant was fit.

¶ 17    At the guilty plea hearing, the trial court admonished defendant about the various rights he was giving up and asked whether he understood each right.  Defendant gave appropriate responses, indicating that he understood.  The sentencing hearing occurred three months later.  Defendant points to nothing occurring in the interim except that he "may have," on some unspecified date, taken his wife's prescription medication, which "may have" exacerbated his unspecified symptoms.  But at sentencing he gave an appropriate statement taking responsibility for his actions and apologizing to the victim and his family.  He said or did nothing to give anyone cause to believe that he was having difficulty following the proceedings.  His therapist testified at the hearing that defendant was doing very well and was "able to communicate."  While the therapist was not specifically asked whether defendant could understand the proceedings, she said nothing that would cause anyone to believe that he could not.

¶ 18    Defendant's argument that "the fact that he was able to give a short statement when prompted does not mean that he was necessarily fit or able to assist in his defense" misses the mark.  Defendant has the burden of proving his unfitness and cogent and appropriate statements certainly do not prove that he was unfit.  Defendant complains that the trial court "never questioned [defendant] about his mental state."  Defendant cites no authority for the implicit assertion that the court had to, and such a requirement would be inconsistent with the presumption of fitness.  Defendant points to nothing in the record that created a *bona fide* doubt of his fitness and would have triggered a duty by the trial court to inquire about his "mental state."

¶ 19    Defendant's petition shows only that he had been prescribed medication and that he had access to his wife's medication that could have side effects potentially affecting his mental state.  However, the petition includes no specific allegations that he was affected.  It does not allege that he actually took the medication on or near the date of the sentencing hearing.  It includes no

allegations about what symptoms he was experiencing or how they rendered him incapable of understanding the proceedings. In this respect, the petition is similar to one found insufficient to merit relief in *People v. Williams*, 364 Ill. App. 3d 1017 (2006). There, the defendant's postconviction petition alleged that he had been unfit to plead guilty due to various mental illnesses. The postconviction court rejected that claim. Although documents attached to the petition established that the defendant suffered from mental illnesses, none of the documents "supported [the] allegation that he suffered from untreated mental illnesses *that rendered him unfit to plead guilty.*" (Emphasis in original.) *Id.* at 1024. The postconviction court further noted that the record positively rebutted the defendant's claim that he was unfit. When the trial court explained to the defendant the charges against him, the possible penalties, the rights he was giving up and the terms of the plea agreement, the defendant said that he understood. Moreover, the defendant did not exhibit any irrational or odd behavior in court. *Id.* at 1025.

¶ 20　　The *Williams* court distinguished *People v. Shanklin*, 351 Ill. App. 3d 303 (2004). There, the defendant changed his plea in the middle of a bench trial. The presentence report showed that defendant had been hospitalized three times for mental health problems, and tests conducted during those stays showed that the defendant was mildly mentally retarded. Documents attached to the defendant's postconviction petition showed that the defendant had difficulty receiving and retaining verbal information. The *Shanklin* court held that, at the very least, there was a legitimate concern as to whether the defendant could fully comprehend what the court and defense counsel told him about the terms of the guilty plea. *Id.* at 306. *Williams* found that the allegations in *Shanklin* were far more detailed and specific than those in the case before it.

¶ 21　　This case is more like *Williams* than *Shanklin*. The petition alleged only vaguely that defendant was being treated with psychotropic medication. It contained no specific allegations

that the medication rendered him unfit to be sentenced. Thus, the trial court properly dismissed the petition.

¶ 22                                III. CONCLUSION

¶ 23    The judgment of the circuit court of Lee County is affirmed.

¶ 24    Affirmed.