2021 IL App (2d) 180900-U
No. 2-18-0900
Order filed February 3, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-2143 |
| | ) ) | Honorable |
| MARION H. PARHAM, | ) ) | Daniel B. Shanes and Christen L. Bishop, |
| Defendant-Appellant. | ) | Judges, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices McLaren and Hudson concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The record as a whole demonstrates that the trial court never found a *bona fide* doubt as to defendant's fitness when it ordered a fitness evaluation at the request of trial counsel.  Accordingly, the trial court did not err in declining to conduct a fitness hearing upon receipt of an evaluation indicating defendant was fit, and we affirm the judgment.

¶ 2   After a bench trial, defendant, Marion H. Parham, was found guilty of one count of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2016)) and two counts of domestic battery (*id.* § 5/12-3.2(a)(1), (a)(2)). Defendant retained new posttrial counsel and moved for a fitness examination. He also moved for a new trial on various grounds. The trial court ordered a

fitness evaluation, which concluded that defendant was fit, but it denied him a fitness hearing. Defendant then filed additional posttrial motions. The court ultimately denied all pending motions. The court sentenced defendant as a Class X offender to 12 years in prison on the count of aggravated domestic battery, merging the other charges.

¶ 3    Defendant appeals, contending that the trial court previously found a *bona fide* doubt as to his fitness and erred in failing to subsequently conduct a fitness hearing. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5    After defendant was charged, a public defender was appointed to represent him. On November 8, 2017, defendant waived his right to a jury trial before Judge Daniel B. Shanes, after which the matter was ultimately set for trial.  On November 13 and 14, 2017, Judge Christen L. Bishop presided over defendant's bench trial and found him guilty. At no point did the public defender representing defendant raise the issue of his fitness.

¶ 6    On December 7, 2017, the public defender withdrew and Robert Ritacca entered his appearance as defendant's counsel. That same day, Ritacca filed a motion entitled "Motion for Fitness Examination." The motion's introduction stated, "[Defendant] *** in accordance to [*sic*] 725 ILCS 5/104-11(a) requests that an examination of the defendant be conducted." The motion alleged in part that, in a prior unrelated proceeding, defendant had been found unfit and institutionalized briefly before being restored to fitness. The motion concluded, "[T]he defendant prays that this defendant be interviewed for a fitness determination and a report be tendered as to his fitness to stand trial."

¶ 7    At the same hearing where the motion was filed, Ritacca stated:

            "When I talked to Mr. Parham, it seems to me that he doesn't understand the

        charges; doesn't understand how he got to this position.

He once told me that he was diagnosed in Elgin for a developmental disease. He has also indicated to me that he is mentally slow.

Based on the conversations that I had with him, it is my belief at this particular time that I have a *bona fide* doubt in terms of his ability to assist his attorney and to properly proceed at the time of plea and at the time of trial. And I ask leave to file my motion for a fitness examination."

¶ 8 Judge Bishop noted that, after the trial, she had ordered a mental health evaluation and a substance abuse evaluation as part of the presentencing investigation. However, she agreed with Ritacca that no fitness evaluation had been ordered. The judge stated, "Based upon that information *** relying on the representations made by counsel and counsel is given leave to file their [*sic*] written motion for a fitness examination." The judge also allowed defendant to file posttrial motions. The discussion on the record continued:

"THE COURT: And due to the fitness concerns and the *bona fide* doubt, I am not sure that the defendant would be able to assist you—

MR RITACCA: That's correct.

THE COURT:—in what happened at trial and recount for you that information. So, if you are asking for additional time, I would give it to you."

¶ 9 On January 5, 2018, Ritacca filed a posttrial motion raising various claims of error not directly related to fitness.

¶ 10 On January 10, 2018, the trial court received a fitness report prepared by Anthony P. Latham, Psy.D. In the report, Latham noted that, since 1995, defendant had been charged with numerous offenses, served time in prison, and undergone three prior fitness evaluations. The second evaluation, in 2011, opined that the defendant was unfit, which the court found to be the

case, though defendant was quickly restored to fitness. Latham diagnosed defendant with antisocial personality disorder, borderline intellectual functioning, and dysthymic disorder, but opined that he was fit.

¶ 11    On February 2, 2018, the court held a hearing. Judge Shanes presided. After the prosecutor noted that the parties had seen Latham's fitness evaluation, the proceedings continued:

> "THE COURT: And I talked to Judge Bishop as well. I've actually also looked at the report since I had the case for a while myself, I was curious.
>
> Okay, Mr. Ritacca, I understand you raised some concerns before Judge Bishop. *The Court, as I understand it, never did and has not—either myself or Judge Bishop— found a bona fide doubt, but she ordered the report at your request. You've now seen it. Do you have any further concerns about fitness?*
>
> MR. RITACCA: No, I'll stipulate to the qualifications of the doctor, and I'll also stipulate to the findings that the doctor made concerning the fitness evaluation.
>
> THE COURT: The opinion was that the defendant was fit, but *there was no bona fide doubt so we're not going to have a fitness hearing*. You're not suggesting any *bona fide* doubt anymore?
>
> MR. RITACCA: That's correct."

(Emphases added.)  The court continued the cause.

¶ 12    On February 13, 2018, and March 15, 2018, defendant filed amended posttrial motions. On August 14 and September 18, 2018, the court, Judge Bishop again presiding, heard defendant's posttrial motions. At the latter hearing, the judge noted:

> "Initially, when Mr. Ritacca got into the case there was a fitness issue that was raised, and that is raised at least in one of the *** post[-]trial motions. There was a fitness evaluation

ordered, and the party [*sic*] stipulated that the Defendant was found fit. So at the time though that issue was raised, Defendant's fitness was uncertain as far as the *bona fide* doubt. So with regard to the fitness issue that was raised, I think that has been settled and that has not been raised subsequent to the fitness evaluation being done."

The court denied the posttrial motions, proceeded to sentencing, and imposed a 12-year prison term on one count of domestic battery. Defendant timely appealed.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, defendant contends that Judge Shanes erred in failing to conduct a fitness hearing where Judge Bishop had found a *bona fide* doubt as to defendant's fitness. Defendant relies on subsections 104-11(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/104-11(a) (West 2016)), which provides:

"The issue of the defendant's fitness for trial, to plead, or to be sentenced may be raised by the defense, the State or the Court at any appropriate time before a plea is entered or before, during, or after trial. When a bona fide doubt of the defendant's fitness is raised, the court shall order a determination of the issue before proceeding further."

In that section 104-11(a) clearly mandates a fitness hearing upon the finding of a *bona fide* doubt, and given that the trial court failed to conduct one after so finding, defendant argues that the cause must be remanded for a fitness hearing.

¶ 15    Defendant concedes that he forfeited his claim by failing to raise it specifically in his posttrial motions. See *People v. Enoch*, 122 Ill. 2d 176, 185-88 (1988). However, he requests that we consider the matter as plain error. See Ill. S. Ct. R. 615(a) (eff. Aug. 27, 1999); *People v. Piatkowski*, 225 Ill. 2d. 551, 564 (2007). Under the plain-error doctrine, a court may consider unpreserved error when (1) a clear or obvious error occurred and the evidence was closely

balanced or (2) a clear or obvious error occurred and was so serious that it affected the fairness of the trial and the integrity of the judicial process. *Id.* at 565. Defendant relies on the second prong, as prosecuting a defendant when there is a *bona fide* doubt of his fitness violates due process. *People v. Sandham*, 174 Ill. 2d 379, 382 (1996). The defendant bears the burden of persuasion. *People v. Garcia*, 2012 IL App (1st) 103590, ¶ 121. To find plain error, however, we first must find that the trial court committed some error. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010).

¶ 16    The State responds that there was no error in that the trial court never found a *bona fide* doubt. We agree.

¶ 17    Under section 104-11(b), if the trial court is uncertain whether a *bona fide* doubt of the defendant's fitness has been raised, it may order an evaluation to help answer that question. *People v. Hanson*, 212 Ill. 2d 212, 217 (2004). "[I]f after the examination, the trial court finds no *bona fide* doubt, no further hearings on the issue of fitness would be necessary." *Id.* Further, "[e]ven for a motion filed under section 104-11(a), the trial court could specify its need for a fitness examination by an expert to aid in its determination of whether a *bona fide* doubt is raised without a fitness hearing becoming mandatory." *Id.* However, if the court concludes that there is a *bona fide* doubt of the defendant's fitness, the defendant becomes entitled to a fitness hearing. *People v. Smith*, 353 Ill. App. 3d 236, 240 (2004).

¶ 18    Defendant contends that, at the December 7, 2017, hearing, Judge Bishop found a *bona fide* doubt of defendant's fitness. Thus, he reasons that on February 2, 2018, Judge Shanes erred in refusing to grant the required fitness hearing. The State counters that Judge Bishop merely ordered a fitness evaluation to determine whether there was a *bona fide* doubt, which did not necessitate a fitness hearing where the subsequent evaluation indicated defendant was fit.

¶ 19    While defendant and the State urge opposite interpretations of Judge Bishop's remarks from December 7, 2017, and September 18, 2018, as to whether she had found a *bona fide* doubt, we find neither interpretation persuasive. Simply put, Judge Bishop's remarks are ambiguous as to whether she found a *bona fide* at the time she ordered a fitness evaluation. Nor does the common law record elucidate the matter; neither the minute order nor the probation referral slip, both of which reference the ordered fitness evaluation, indicate whether a *bona fide* doubt had been found or whether the evaluation was pursuant to section 104-11(a) or (b).

¶ 20    Any ambiguity, however, was resolved by Judge Shane's statement at the February 2, 2018, hearing, after Latham's report had been filed and distributed. Judge Shanes told defendant, "I talked to Judge Bishop[.] *** [Judge Bishop], as I understand it, never did and has not *** found a *bona fide* doubt, but she ordered the report at your request. *** [T]here was no *bona fide* doubt so we're not going to have a fitness hearing." To this defense counsel responded, "That's correct." This colloquy made clear that all the parties understood that Judge Bishop had not made a finding of *bona fide* doubt as to defendant's fitness when she ordered the fitness evaluation on December 7, 2017.

¶ 21    Accordingly, we hold that the trial court did not make a finding of a *bona fide* doubt of defendant's fitness to stand trial, and thus defendant was not entitled to a fitness hearing. See *Hanson*, 212 Ill. 2d at 222 ("The mere act of granting a defendant's motion for a fitness examination cannot, by itself, be construed as a definitive showing that the trial court found a *bona fide* doubt of the defendant's fitness."). As the trial court did not err in failing to hold a fitness hearing, the court did not commit plain error.

¶ 22                                III. CONCLUSION

¶ 23    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 24    Affirmed.