NOTICE

Decision filed 09/12/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200017-U

NO. 5-20-0017

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Wayne County. |
| | ) | |
| v. | ) | No. 16-CF-90 |
| | ) | |
| BARNABUS McGILL, | ) | Honorable |
| | ) | Michael J. Molt, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Wharton concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Where the State's witness personally observed defendant violate a criminal statute, the circuit court properly revoked defendant's probation regardless of whether other violations were established through hearsay; no *bona fide* doubt existed of defendant's fitness to participate in the proceedings. As any arguments to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the judgment of the circuit court.

¶ 2     Defendant, Barnabus McGill, appeals the circuit court's order revoking his probation. Defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. Accordingly, OSAD has filed a motion to withdraw as counsel for the defendant (see *Anders v. California*, 386 U.S. 738 (1967)) along with a brief in support of the motion. OSAD has provided defendant with a copy of its *Anders* motion and brief. This court has provided him with ample opportunity to respond, but defendant has not done so.

1

Having read OSAD's *Anders* motion and brief, and having examined the record on appeal, we agree that this appeal lacks merit. There is no potential ground for appeal. Accordingly, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4    Defendant pleaded guilty to participating in methamphetamine production (720 ILCS 646/15(a)(2)(A) (West 2016)). Per agreement, defendant would participate in the Teen Challenge Program and, if he completed it, additional charges would be dropped. If defendant failed to complete the program, the State agreed to a 10-year cap on any future sentence.

¶ 5    Defendant failed to complete the program. When the case was called for sentencing, the circuit court agreed to allow defendant to attend a rehabilitation program. If he completed that program and a long-term treatment program, the court would sentence him to probation and dismiss the remaining charges. Defendant completed the program, and the court sentenced him to 18 months' probation.

¶ 6    The State petitioned to revoke defendant's probation. The petition alleged that defendant tested positive for THC three times during 2019 and committed the offense of defrauding a drug test (720 ILCS 5/17-57(a)(4) (West 2018)).

¶ 7    At a hearing on the petition, probation officer Ryan Ruble testified that in October 2019, at the request of probation officer Jennifer Vaughan, he observed defendant's drug test. He handed defendant a plastic cup and accompanied him to the men's room. As defendant urinated, he attempted to block Ruble's vision with the cup. Due to defendant's unusual behavior, Ruble ordered him to lower his pants. He did so quickly and said, "see, I don't have anything." The circuit court overruled a defense hearsay objection.

2

¶ 8     Ruble had defendant lower his pants a second time and discovered a plastic bottle taped to the inside of his underwear. Ruble then asked defendant whether he had brought in the white bottle in his pants, with the intent to falsify a urine test and defendant said yes. The circuit court overruled a defense hearsay objection. Ruble had defendant arrested for attempting to defraud a drug test.

¶ 9     Ruble testified that defendant had used marijuana in April 2019. During an office visit, defendant admitted using marijuana and signed an admission to that effect. Ruble knew this from seeing Vaughan's report, which was kept in the regular course of business. In July 2019, defendant verbally admitted to Vaughan that he had used marijuana. The circuit court overruled repeated defense objections to this line of testimony. Defense counsel argued that the probation documents were not business records because they were prepared in anticipation of litigation and that the admission of the documents without Vaughan's testimony violated his right to confront witnesses. The court found that the records were not prepared in anticipation of litigation because it was equally likely that they could show compliance with probation.

¶ 10    The circuit court found that defendant had violated his probation and sentenced him to 10 years' imprisonment. Defendant timely appealed.

¶ 11                                ANALYSIS

¶ 12    OSAD suggests three possible issues that defendant could raise but concludes that none has even arguable merit. We agree.

¶ 13    The first potential issue is whether the circuit court erred by overruling the defense objections to Vaughan's records. Admission of probation department records generally comports with the "minimum requirements" of due process available to defendants in probation revocation proceedings. *In re V.T.*, 306 Ill. App. 3d 817, 819-20 (1999); *cf. In re N.W.*, 293 Ill. App. 3d 794, 798 (1997) (records from youth facility improperly admitted at probation revocation where witness

3

did not have personal knowledge of the source of the reports, the events described therein, or how the facility kept its records). Given Ruble's testimony about the source of the reports, the circuit court did not err in admitting them as business records. Moreover, business records are generally admissible under the confrontation clause. *People v. Coleman*, 2014 IL App (5th) 110274, ¶ 150.

¶ 14    In any event, though, Ruble testified that he personally witnessed defendant commit a criminal violation by attempting to defraud a drug test and defendant admitted as much. This alone was enough for the circuit court to revoke defendant's probation without reference to the other violations documented by Vaughan. Moreover, the trial court properly admitted defendant's own statement admitting guilt. See Ill. R. Evid. 801(d)(2) (eff. Oct. 15, 2015).

¶ 15    The second issue is whether the circuit court properly found that defendant violated his probation. The State must prove a violation of probation by a preponderance of the evidence. *People v. Colon*, 225 Ill. 2d 125, 156-57 (2007) (citing 730 ILCS 5/5-6-4(c) (West 2002)). One condition of probation is that a person on probation " 'not violate any criminal statute of any jurisdiction.' " *Id.* (quoting 730 ILCS 5/5-6-3(a)(1) (West 2002)). Here, as noted, Ruble's testimony established that defendant committed the offense of attempting to defraud a drug test.

¶ 16    The final potential issue is whether defendant was fit to participate in the proceeding. At one point, the trial court noted that defendant was gesturing and making guttural sounds. Defense counsel stated that defendant had a medical appointment the following day to assess his condition. However, counsel expressed no doubt about defendant's fitness for the proceeding. He noted that defendant answered questions appropriately and was able to assist in his defense. The court then resumed the proceeding.

¶ 17    The due process clause forbids conviction of a defendant who is unfit to stand trial. *People v. McCallister*, 193 Ill. 2d 63, 110 (2000). A defendant is unfit to stand trial if he cannot understand

4

the nature and purpose of the proceedings against him or assist in his defense. *People v. Olsson*, 2012 IL App (2d) 110856, ¶ 2. Accordingly, a court should order a fitness hearing when there is a *bona fide* doubt about a defendant's fitness. See generally *People v. Hanson*, 212 Ill. 2d 212, 216-18 (2004). Here, although defendant was apparently suffering from some type of psychological disorder that caused a minor disruption in the proceedings, no one expressed a *bona fide* doubt about defendant's fitness to participate in them. Thus, the court did not err by resuming the proceedings without conducting a fitness examination.

¶ 18                                   CONCLUSION

¶ 19    For the foregoing reasons, we grant OSAD's *Anders* motion and affirm the circuit court's judgment.

¶ 20    Motion granted; judgment affirmed.