2024 IL App (2d) 230121-U
No. 2-23-0121
Order filed May 22, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-2143 |
| MARION H. PARHAM, | ) ) | Honorable Christen L. Bishop, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reject defendant's argument that postconviction counsel performed unreasonably by failing to attach evidentiary material to counsel's amended petition. Defendant failed to allege, much less show, prejudice from counsel's omission. First, two of the petition's claims were based entirely on the trial record and needed no further support. Second, the remaining claim lacked merit and could not be remedied with evidentiary support.

¶ 2    Defendant, Marion H. Parham, appeals from a judgment granting the State's motion to dismiss his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Defendant contends that his postconviction counsel did not provide him reasonable assistance, entitling him to a reversal and a remand. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In 2018, after a bench trial, defendant was convicted of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2016)) and sentenced to 12 years in prison. On appeal, he argued that the trial court erred in refusing to hold a hearing on his fitness to stand trial. We held that the court did not err, as it never found a *bona fide* doubt of defendant's fitness and an evaluation had found him fit. *People v. Parham*, 2021 IL App (2d) 180900-U, ¶¶ 10, 18, 21.

¶ 5      On March 29, 2022, defendant, by counsel, petitioned for relief under the Act (defendant also filed a motion for leave to file a "successive" petition, but, as he acknowledges on appeal, the March 29 petition was his first in this case). He claimed that (1) he did not knowingly waive a jury trial, (2) his posttrial counsel was ineffective for failing to move for a fitness hearing, and (3) he was actually innocent, based on self-defense. Defendant attached no affidavits or other evidentiary material to the petition.

¶ 6      The trial court advanced the petition to the second stage under the Act. The State moved to dismiss the petition, contending that (1) the jury waiver claim was forfeited because it was not raised on direct appeal and, moreover, was meritless because the record refuted it; (2) the ineffective assistance claim was similarly forfeited and, further, was refuted by the record; and (3) the actual innocence claim was conclusional and also refuted by the record.

¶ 7      Defendant, still represented by counsel, filed an amended petition containing the same three claims as his original petition. Defendant attached no evidentiary material to the amended petition. On March 1, 2023, the trial court granted the State's motion to dismiss the amended petition. The court's written order stated as follows. First, the jury waiver claim was forfeited and, further, was refuted by the record. Second, the record refuted the ineffective assistance claim, which showed that posttrial counsel indeed requested a fitness hearing. The claim was also barred

by *res judicata* because it could have been raised on direct appeal. Third, the actual innocence claim was legally insufficient because it did not identify any noncumulative evidence to support a self-defense theory.

¶ 8 On March 28, 2023, defendant filed two documents. The first, an "Emergency Notice of Motion," recited that, on April 11, 2023, defendant would "present [his] Notice of Appeal, *instanter.*" The second, a "Notice of Appeal," stated as follows:

"1. That the [c]ourt hereby notified that on March 1st, 2023, the court entered an order, a copy of which is enclosed herewith. You have a right to appeal to the Illinois Appellate Court in the district in which the circuit court is located.

2. That [defendant] is indigent, [and] hereby requests the right to a transcript of the postconviction proceedings and to the appointment of counsel on appeal[.]

3. That [postconviction counsel] has now consulted with [defendant], in person and in writing and he has ascertained that there are errors in the plea and sentencing.

4. That [postconviction counsel] examined the trial court file and report of proceedings of the plea of guilty [*sic*] [.]

5. That [defendant] has made amendments to the motion [*sic*] necessary for adequate presentation of any defects in those proceedings.

WHEREFORE, [d]efendant prays the [c]ourt appoint the Appellate Public Defender to represent the [d]efendant."

¶ 9 At a brief hearing on March 21, 2023, the prosecutor stated that the case was set "for status of appeal." Postconviction counsel agreed. The trial court asked postconviction counsel, "Any update?" Postconviction counsel responded, "They indicated that there is going to be an appeal

filed concerning the [c]ourt's decision dismissing the [s]econd [s]tage petition for [a] new trial." With defendant's assent, the court set April 11, 2023, for "status of appeal[.]"

¶ 10 On April 11, 2023, the circuit court clerk's office filed for defendant a standard form notice of appeal from the trial court's March 1, 2023, order. The trial court appointed the appellate defender for defendant.

¶ 11                                    II. ANALYSIS

¶ 12 Defendant contends that postconviction counsel failed to render reasonable assistance in presenting his claims in the amended petition. However, as the State notes, we may not reach the merits of defendant's contention unless we ascertain that we have jurisdiction over this appeal. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008). The State contends that we lack jurisdiction because defendant did not timely appeal.

¶ 13 A timely notice of appeal is a prerequisite to exercising our jurisdiction. *Id.* With exceptions not pertinent here, no appeal may be taken more than 30 days from the entry of the final judgment being appealed. Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021). The State contends that (1) the "Notice of Appeal" of March 28, 2023, was not a valid notice of appeal under the supreme court rules (see Ill. S. Ct. R. 303(a) (eff. July 1, 2017)) and (2) the subsequent form notice of appeal was filed more than 30 days after the entry of the final judgment. As the second proposition is correct, the issue is whether the March 28, 2023, document was a valid notice of appeal.

¶ 14 "The purpose of a notice of appeal is to inform the prevailing party in the trial court that the other party seeks review of the judgment." *Smith*, 228 Ill. 2d at 104. "Accordingly, [the] notice should be considered as a whole and will be deemed sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal." (Internal quotation marks omitted.) *Id.*

at 105. "Where the deficiency in notice is one of form, rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal." (Internal quotation marks omitted.) *Id.*

¶ 15    The State does not elaborate on its contention that the March 28, 2023, document was not a valid notice of appeal. We conclude that the document, while poorly drafted and replete with irrelevant matter, was nevertheless valid. The document is titled "Notice of Appeal." The first paragraph references the March 1, 2023, judgment and mentions defendant's right to appeal. While this paragraph is awkwardly phrased, a liberal construction conveys defendant's intent to appeal the judgment. The second paragraph requests the appointment of counsel on appeal, thus further evincing defendant's intent to appeal. The State does not argue that it was prejudiced by any deficiencies in the March 28, 2023, document and it is difficult to imagine how the State would have been caught off guard by defendant seeking our review. Therefore, we conclude that we have jurisdiction.

¶ 16    We now turn to the merits. Defendant notes that the Act states, "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2022). He notes further that postconviction counsel failed to attach to the amended petition any documents supporting its claims or to state why none were attached. Defendant concludes that postconviction counsel's assistance was inadequate. The State responds that defendant must demonstrate not only deficient performance but also prejudice and that he has not alleged, much less shown, any prejudice. For the reasons that follow, we agree with the State.

¶ 17    The sixth amendment's guarantee of the effective assistance of counsel (U.S. Const., amend. VI) applies at all critical stages of a criminal proceeding, including posttrial proceedings

and direct appeal. *People v. Jenkins*, 2020 IL App (3d) 180551, ¶ 18. However, the right does not extend to postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 558-59 (1987); *People v. Lee*, 251 Ill. App. 3d 63, 64-65 (1993). In postconviction proceedings, defendants are entitled to whatever level of assistance state law requires. *Finley*, 481 U.S. at 558-59. Illinois law requires a reasonable level of assistance from postconviction counsel. *Lee*, 251 Ill. App. 3d at 64-65.

¶ 18    The right of reasonable assistance is implemented in part by Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), which contains various specific requirements for counsel retained by or appointed for a defendant who originally filed a *pro se* postconviction petition. *People v. Cotto*, 2016 IL 119006, ¶¶ 27, 31, 41. If postconviction counsel fails to comply with Rule 651(c), the reviewing court remands the cause without considering whether the petition's claims had merit. *People v. Addison*, 2023 IL 127119, ¶¶ 27, 33. Rule 651(c) does not apply where postconviction counsel filed the initial petition. *Cotto*, 2016 IL 119006, ¶ 41.

¶ 19    In *People v. Zareski*, 2017 IL App (1st) 150836, ¶¶ 59-61, the First District Appellate Court held, as a matter of first impression, that where the defendant's initial petition was filed by postconviction counsel, a claim of unreasonable assistance requires that the defendant prove *both* that counsel performed deficiently *and* that the defendant was thereby prejudiced. There, a jury convicted the defendant of first degree murder, and the trial court sentenced him to 24 years' imprisonment. *Id.* ¶ 20. On direct appeal, the judgment was affirmed. *Id.* ¶¶ 1, 24. Later, by retained counsel, the defendant filed a petition under the Act, claiming ineffective assistance of trial counsel and actual innocence. *Id.* ¶¶ 26-27. The trial court advanced the petition to the second stage, and the State moved to dismiss the petition. *Id.* ¶¶ 28, 30. The court granted the motion. *Id.* ¶ 28.

¶ 20   On appeal, the defendant contended that postconviction counsel had failed to provide reasonable assistance in that counsel omitted certain claims and presented others deficiently. *Id.* ¶¶ 3-4. The appellate court disagreed. *Id.* ¶ 3. After acknowledging that Rule 651(c) does not apply where postconviction counsel filed the initial petition (see *id.* ¶¶ 51, 55; *Cotto*, 2016 IL 119006, ¶ 41), the court considered whether prejudice is an element of an unreasonable assistance claim that is not based on Rule 651(c) (*Zareski*, 2017 IL App (1st) 150836, ¶¶ 58-61). The court noted that, under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant raising a constitutional claim of ineffective assistance of trial or appellate counsel must show both deficient performance and resultant prejudice. *Zareski*, 2017 IL App (1st) 150836, ¶ 49. The court then reasoned that, because a defendant "is entitled to less [assistance] from postconviction counsel than from direct appeal or trial counsel," a claim of unreasonable assistance of postconviction counsel should face at least as high a threshold as a claim of ineffective assistance of trial or appellate counsel. *Id.* ¶¶ 50, 54. The court continued:

> "Thus, *** when [the defendant] argues that [postconviction counsel] provided unreasonable assistance in failing to present a particular claim ***, we will examine not just whether [postconviction counsel] should have presented or amended the claims, but also whether [postconviction counsel's] failures caused prejudice. We will follow *Strickland*'s familiar standard to do so. If we find that the potential claim had no merit, [the defendant] cannot receive postconviction relief on that claim, regardless of whether [postconviction counsel] should have presented it earlier, better, or at all." *Id.* ¶ 61.

¶ 21   The court then examined the merits of each claim the defendant identified as omitted or deficiently presented, and the court concluded that all the claims lacked merit. *Id.* ¶¶ 63-80. Finding no prejudice, the court rejected the claim of unreasonable assistance. *Id.* ¶ 4.

¶ 22 We apply *Zareski* to defendant's claim that postconviction counsel performed unreasonably by failing to attach evidentiary support to the amended petition or to explain its absence. We conclude that defendant cannot show prejudice, *i.e.*, a reasonable probability that, absent postconviction counsel's alleged errors, the result of the proceeding would have been different. See *Strickland*, 466 U.S. at 694.

¶ 23 First, defendant has failed even to *allege* on appeal that postconviction counsel's deficient performance prejudiced him. Arguments not properly developed on appeal are forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Since prejudice is essential to an unreasonable assistance claim, and defendant has failed to argue it at all, he has forfeited his claim.

¶ 24 More importantly, attaching evidence to the amended petition would not have made it reasonably probable that it would have survived a motion to dismiss. The amended petition claimed that (1) defendant did not voluntarily waive a jury trial, (2) trial counsel was ineffective for failing to move for a fitness hearing, and (3) defendant was actually innocent, based on self-defense. The first two claims were based entirely on the trial record. Thus, we cannot fault postconviction counsel for not attaching new evidence to support them. See *People v. Coleman*, 2012 IL App (4th) 110463, ¶ 64 ("[T]he absence of affidavits is not fatal to a postconviction petition if the petition finds support in the record.")

¶ 25 We proceed to the third claim. An actual innocence claim based on newly discovered evidence requires evidence that is "new, material, and noncumulative" and "of such conclusive character that it would probably change the result on retrial." *People v. Barrow*, 195 Ill. 2d 506, 540-41 (2001). Defendant failed to support his claim with any newly discovered evidence, but the claim suffered from further fatal deficiencies. The entire factual basis of the claim is contained in

the following paragraphs, which are so rife with irregularities that we have not bothered to insert *sic*:

"36. The claim by [defendant] and stating at the time of the offense victim concealed a knife is compelling explanation to why false testimony of over (5) years ago.

37. That [the victim] offered false testimony. Moreover, [d]efendant stated prior to trial that he wanted to raise the affirmative defense of self-defense.

38. Ironically, because of his history with the ability to mentally stand trial he was denied the opportunity to testify in his own defense. Moreover, the police investigated the injury to [defendant] and the knife in question was photographed by the police and upon request his attorney was never investigated.

39. Further, the photograph of the injury and the photos of the apartment, which a confrontation possessed by the State was never requested or tendered to the defense."

In dismissing the amended petition, the trial court noted that defendant never alleged specifically "how a further investigation of the 'knife' would have alternated [*sic*] the outcome of the case." We shall not speculate on the existence or the probative value of any evidence that might have been provided. Like the trial court, we agree that defendant's actual innocence claim fails on its own terms. Consequently, because defendant has not alleged, much less shown, prejudice, the judgment dismissing his petition must stand.

¶ 26                                    III. CONCLUSION

¶ 27    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 28    Affirmed.